## J. W. LAIRD v. EMILY L. IVENS.

1. PRACTICE—DEPOSITIONS—EVIDENCE.—When the objection is taken in time, that the postmaster who mailed depositions offered in evidence failed to indorse thereon the name of the person from whom he received the package to be forwarded by mail, (such person being the officer before whom they were taken,) the objection will be fatal.

2. DEPOSITIONS—EVIDENCE.—There must be a strictly substantial compliance with the statute in taking depositions, and in the form and manner of returning the same, and this will be exacted, when exceptions are taken in writing, and notice thereof given before the trial.

3. LIABILITY OF PARTNERS.—When the parties occupy the relation of dealers and customers, a retired partner must show notice of the dissolution to relieve himself from subsequent liability, which may be done by direct or circumstantial evidence, sufficient to establish the fact that the party seeking to enforce the liability, knew of the dissolution.

4. DISCUSSED, White *v*. Tudor, 24 Tex., 639.

APPEAL from Anderson. Tried below before the Hon. M. D. Ector.

*Reagan, Greenwood & Gooch,* for appellant.

*Word & Williams,* for appellees.

ROBERTS, CHIEF JUSTICE.—The appellant, who was the defendant in the District Court, made a motion in writing, which was overruled before the trial of the cause, to suppress the depositions of Edmond M. Ivens, taken by the plaintiff, "because there is no certificate on the package or envelope inclosing said depositions, by the postmaster at New Orleans, Louisiana, showing from whom the said depositions were received by him."

It appears by the indorsement on the envelope that the depositions were taken by "Alfred Ingram, Commissioner for the State of Texas, at New Orleans, Louisiana." The deputy postmaster made the following indorsement on the envelope, to wit: "Received at New Orleans post office July 20, 1874; to be forwarded by mail. W. H. Worker, Dep. P. M."

The statute requires that if the depositions be sent by mail, "the postmaster or his deputy mailing the same shall indorse thereon that he received them from the hand of the officer before whom they were taken." This means, as we understand it, that in this case the deputy postmaster should have indorsed that he received the package from "Alfred Ingram, Commissioner," because he appeared, from the indorsement on the sealed package, to be the person who had

taken the depositions, and that was likely to be the only means of his knowing who had taken them. And if the postmaster should happen to know who did take the depositions, apart from what appears on the envelope, which would not often be the case, still it would be better for him to state in his indorsement the name of the person from whom he received the package to be forwarded by mail, as that was evidently the intention of the statute, upon a reasonable construction of it, considering the manner in which such business is usually transacted. (Paschal's Dig., art. 3729.) The statute was not complied with substantially in this case.

It has uniformly been held that there must be a strictly substantial compliance with the statute in taking depositions and in the form and manner of returning, when exceptions are taken in writing and notice thereof given before the trial. (Paschal's Dig., art. 3741; Garner *v.* Cutler, 28 Tex., 182.)

We are of opinion that the court erred in overruling the motion of defendant to suppress or exclude these depositions of E. M. Ivens thus returned into court in this case.

There are other errors assigned, which might call for an opinion of this court, if the proof of the facts relied on by each party had been more definite, and had more nearly corresponded with the facts as they are alleged in the pleadings.

The note sued on does not, in form and mode of signing, purport to be a partnership note, or on its face to have been given in a partnership transaction. The amended petition alleges that it was given by the defendants as balance of a note previously executed by Davis & Laird, as partners, for a partnership debt incurred by the purchase of mill-machinery; and the original petition states that the defendants were partners at and before the date of the execution of the note sued on. This last fact Laird denies, in an answer in the nature of a plea of *non est factum;* in reference to which plaintiff alleges, in his amended petition, that the firm of E. M. Ivens & Co. (to whom the first note was given) never had any notice

of the dissolution of the firm of Davis & Laird. The last note changes the debt in the first note by giving time, adding in the interest, raising the interest thereafter from eight to ten per cent., and by making the note payable to E. M. Ivens alone, and not, as the first note, to E. M. Ivens & Co.

Under the issue thus presented, it was incumbent on the plaintiff to allege and prove such facts as would render Laird legally liable to pay said last note, which was sued on, the first being barred by limitations when set up, as was held by the District Court. It is suggested that the important facts are, first, that Davis & Laird constituted a firm as partners in the mill business when the first note was executed, and that it was executed for a partnership debt incurred by them. The only evidence of this fact relied on by the plaintiff as a predicate for the admission of the note in evidence on the trial was the testimony of E. M. Ivens, who, it may be presumed from all he says, did not know of the existence of the partnership as a distinct fact further than as he learned it from the representations and acts of Davis. If such partnership existed in Anderson county when the note was executed, it could have been proved by some one there who knew the fact. Laird, in admitting the existence of the partnership of Davis & Laird, says it was in 1869, and that in 1870 Jacobs came into the firm, but does not state who constituted the firm on the 3d day of August, 1870, when the first note was executed; secondly, that the note sued on, though executed to E. M. Ivens, as payee, was intended as a renewal of the first note to the firm of E. M. Ivens & Co., so as to keep up the connection of the last note with the original transaction. The evidence of E. M. Ivens explains that the last note was taken as a renewal of the balance on the first, but how or why it happened to be executed to E. M. Ivens alone is neither alleged nor proved; thirdly, that the firm of E. M. Ivens & Co. at the time of the execution of the note sued on had no notice of the dissolution of the firm of Davis & Laird, and that the firms occupied such a relation to each other by their

previous dealings that defendant was bound to give E. M. Ivens & Co. notice of the dissolution, or to show that they had such notice, to release himself from any partnership dealings with them afterwards by his former partner, Davis. (White *v.* Tudor, 24 Tex., 641; Van Eps *v.* Dillaye, 6 Barb., (N. Y.,) 244; Wardwell *v.* Haight & Haight, 2 Barb., 549; Collyer on Part., sec. 533, and notes.)

The authorities establish the general rule that when the parties occupy the relation of "dealers or customers," a retired partner must show notice of the dissolution to relieve himself from subsequent liability, which may be done by direct or circumstantial evidence sufficient to establish that the party seeking to hold him liable did know of the dissolution. This proposition involves two facts, to wit: the relation of the parties as "dealers or customers," and notice in fact, express or implied, to be submitted to the jury under the instructions of the court. (Collyer on Part., sec. 534.)

Mr. Collyer states the rule thus: "As to persons who have been in the habit of dealing with the firm, it is requisite that actual notice be brought home to them; such notice may, however, be implied from circumstances. It is not material in what manner it is given." (Sec. 533; also 3 Kent's Comm., 66, 67.)

In the case of Wardwell *v.* Haight, 2 Barb., 549, it was held that such notice must be given or shown, though the person dealing with the firm had only two transactions with the firm, which put the parties in the relation of dealers and customers.

In the case of White *v.* Tudor, 24 Tex., 639, it was decided that a partnership being dissolved, one partner could not bind the other by executing a note in the partnership name and for a partnership debt. But in the opinion in that case, Justice Bell remarks "that there is nothing in the evidence from which the inference can be drawn that the plaintiff, Tudor, did not know of the dissolution before the execution of the note sued on."

40

It is not designed, in referring to these important matters involved in the case, to make any authoritative decision in reference to them, because the facts, not very definitely established in this, may be changed or added to on another trial. The remarks made and authorities cited may serve somewhat to aid in giving proper direction to the investigations upon another trial of the case.

For the action of the court in overruling the motion to exclude the deposition of E. M. Ivens, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.