## F. M. GILBOUGH v. STAHL BUILDING COMPANY.

Delivered June 17, 1897.

1. **Partnership—Dissolution—Burden of Proof.**

Members of a firm which has put in a bid for a building contract, who deny liability on the contract on a subsequent execution thereof, because of the dissolution of the firm after the bid and before such execution, have the burden of showing that the other parties to the contract had notice of the dissolution.

2. **Same—Same—Liability—Notice.**

A building contract is binding on all the members of a firm which bids for such contract during the existence of the firm, on its execution after the dissolution of the firm, unless the other parties to the contract had notice of the dissolution before the execution of the contract.

3. **Same—Same—Notice—Publication—Inference.**

The mere publication of notice of a dissolution of a partnership, for five days, in a newspaper of general circulation, is insufficient to justify the inference that a person previously dealing with the firm had notice of the dissolution.

4. **Deposition—Admissibility—Notice to Codefendant.**

The deposition of one defendant, taken without notice to the other defendants, is not admissible against them, although they had previously been partners, where the partnership had ceased when the interrogatory was filed.

**5. Contract by Wife—Acknowledgment.**

The execution of a building contract purporting to be made by both husband and wife is not complete, so as to be binding on any party thereto, until properly acknowledged by the wife.

APPEAL from Galveston.   Tried below before Hon. WILLIAM H. STEWART.

*Edwin S. Easley,* for appellants.

*R. S. Rowland,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted by appellants against Joseph H. Stahl, Joseph Labadie, Thomas Lucas, and William Coakley, as partners, composing the firm known as the Stahl Building Company.   The suit was upon a written contract made by the Stahl Building Company with the appellants for the construction and completion, by a given time, of a certain dwelling house and outhouses connected therewith in the city of Galveston, and for which appellants promised to pay said company the sum of $2375.   The contract was made with defendant Stahl, who executed the contract in the name of and for the said building company.

After the buildings were commenced and partially built, the company abandoned the work, and defendant Stahl informed appellant F. M. Gilbough that he could not complete the buildings, and thereupon the appellant engaged others to finish the buildings in accordance with the specifications of the contract made by appellants with the said building company, and under the direction and supervision of C. W. Bulger, the architect under whose direction the said building company had agreed to build and complete said houses; and the object of the suit was to recover the difference between the sum for which said company contracted to erect the buildings and the aggregate sum paid by appellants for their construction; and also to recover the liquidated damages stipulated for in said contract, in case of failure by said company to complete said houses within the time specified in the contract.   The contract provided for the completion of the houses by the 15th of August, 1892, and the petition averred that said buildings were not completed and delivered to plaintiffs until 120 days after said 15th day of August, although plaintiffs caused said buildings to be erected with all practicable speed.

The defendant Stahl made no defense.   Defendants Lucas and Coakley denied the partnership under oath, and also answered by general denial; and the defendant Labadie denied under oath that he was a partner of the firm of the Stahl Building Company at the date of the alleged contract between said firm and the plaintiffs, and he averred that if said firm ever existed (the existence of which he did not admit), it was a nontrading partnership, none of its members having power to bind the others.

Upon trial of the cause, verdict and judgment were rendered for the

plaintiffs against the defendant Stahl; but verdict and judgment were rendered against them as to other defendants, and the plaintiffs' motion for new trial having been overruled, they excepted and gave notice of appeal.

The contract for building the houses was let to the Stahl Building Company on the 27th day of May, 1892, by appellant F. M. Gilbough, and some work was done upon the lots between that time and the 14th of June, 1892, the day on which the contract sued on was properly acknowledged by the plaintiff Nellie A. Gilbough, the wife of F. M. Gilbough.

From the facts above stated, it is manifest that the controlling questions in the case are: (1) At the time appellant F. M. Gilbough let the contract for building the houses in question, to wit, the 27th of May, 1892, was there a copartnership for building houses existing between Joseph Stahl and some one or all of the other defendants to this suit? (2.) If such copartnership was existing on the 27th day of May, 1892, was it dissolved and did the defendants Labadie, Coakley, and Lucas retire from said partnership before the 14th of June, 1892; and if so, did the appellants have notice of said dissolution at the time of or before the execution of the contract sued on? The answers to these questions must determine the rights and liabilities of the parties to this appeal.

Among the assignments of error is the following: "The court erred in submitting to the jury the following charge: 'The burden of proof is on the plaintiffs to prove that on the 14th day of June, 1892, some of the other defendants besides Stahl were on said day members or partners in the Stahl Building Company, and on failure to make said proof of partnership on the 14th day of June, 1892, the plaintiffs could not recover any damages of any of the other defendants, unless you believe from the evidence that one or more of them were partners in said company prior to the 14th day of June, 1892, and that they had failed to give publicity to the dissolution of the copartnership, and that by reason of their failure to give reasonable public notice of the dissolution, the plaintiffs were misled, and dealt with the company under the belief that the partnership still subsisted. But if, before the 14th day of June, 1892, you believe from the evidence that Labadie had given such reasonable public notice of the dissolution of the partnership as would raise a reasonable presumption in the mind of a person in Gilbough's situation that the partnership had been dissolved before the 14th day of June, 1892, then the plaintiffs would not be entitled to recover anything in this suit against defendant Labadie. If you believe from the evidence that Joseph Labadie was, on the 1st day of June, 1892, one of the partners constituting the firm of the Stahl Building Company, and that on that day he, without the knowledge of F. M. Gilbough, withdrew from said firm, and that on May 27, 1892, defendant company's bid for the erection of plaintiff's residence was received and accepted, then it became the duty of said Labadie to give notice to F. M. Gilbough that he had so withdrawn from said firm, either by serving him with actual notice or by giving such publicity to his withdrawal as that Gilbough might be reasonably supposed to have known

thereof before the 14th day of June, 1892. And if you believe from the evidence that no such notice, by publication or otherwise, was.given prior to June 14, 1892, then Labadie would be liable, as a partner in the firm of said Stahl Building Company, for the damages caused by the alleged breach of contract; but if you believe from the evidence that said Labadie did give publication to the dissolution of the firm of partnership called the Stahl Building Company in a daily paper published in the city of Galveston, of general circulation, and that said publication appeared a number of times in said paper before the 14th day of June, 1892, and that such publication might reasonably be supposed to have been known by F. M. Gilbough before the 14th day of June, 1892, then Labadie would not be liable in this suit.' "

We think there was ample evidence to have authorized a finding by the jury that there was such a partnership as alleged by the plaintiffs between Stahl and the other defendants on the 27th day of May, when the bid of the Stahl Building Company for building the houses in question was accepted by appellant F. M. Gilbough; and if such partnership did exist at that time, but was dissolved before the contract sued on was duly executed by the acknowledgment of Mrs. Gilbough duly made to, and the same certified by, an officer authorized to take such acknowledgment, all of the members of said copartnership would be bound for the performance of said contract, unless the appellants had notice of the dissolution of the copartnership when they executed said contract, and the burden would be on the defendants to show this notice on the part of the appellants. It is requisite that notice of the dissolution, either express or implied, be brought home to those who have previously dealt with the copartnership, to relieve the retiring members from liability to such parties upon contracts subsequently made by them with the remaining members of the firm. Laird v. Ivens, 45 Texas, 621, and authorities there cited.

In the charge complained of under this assignment, the jury are in effect told that knowledge of the dissolution of the partnership on the part of appellants might be inferred, if the jury believed that the dissolution was published in the Galveston News for five consecutive days immediately preceding the 14th day of June, 1892. Upon the dissolution of the partnership, it was the duty of the partners to have given personal notice to persons previously dealing with the firm. Such notice to appellants was not given. The testimony of the appellant Gilbough is that he had no knowledge of the dissolution of the partnership, nor had he notice of the publication referred to in the charge. Under these circumstances, we think the charge was erroneous. While notice of the dissolution of a partnership may be shown by either circumstantial or positive evidence, we do not think the circumstance of the publication in the News on the 9th, 10th, 11th, 12th, and 13th of June of the dissolution is sufficient to justify the inference that appellants had notice on the 14th of such dissolution.

The record discloses nothing which tends to show that the publication was known to appellant Gilbough on the 14th of June, unless it be the

fact that the newspaper in which it appeared was one of general circulation. To warrant a finding against the plaintiffs on this issue, the evidence must either show actual notice to them, or to F. M. Gilbough, or it must establish facts which would charge them with notice—facts which would put one of ordinary prudence on inquiry. No such facts were shown upon the trial. For the error indicated, the judgment must be reversed.

The court did not err in excluding the deposition of the witness Stahl. When the interrogatories were filed there was no partnership between the witness and the other defendants, and therefore, without notice to the latter, the deposition was not admissible in evidence against them.

Nor was there error in holding that the contract sued on was not binding on any party to it until it was properly acknowledged by Mrs. Gilbough. Whether F. M. Gilbough could have contracted, without joinder by his wife, for the erection of the improvements upon their property, assuming that the lots and the improvements were for homestead purposes, need not be decided. The contract sued on is one made with both the husband and the wife, and by that contract the plaintiffs must stand or fall.

As we discover no other reversible error in the record than the one we have pointed out, the other assignments of error will not be discussed.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*