## Adolph Arnold, Herman Arnold, Theodore Arnold and Benjamin F. Baker v. Henry W. Cannon, Jr.

1. INSTRUCTIONS—*Requiring More than a Preponderance of the Evidence.*—An instruction which requires something more than a mere preponderance of the evidence as the basis of action by the jury is erroneous.

**Assumpsit,** to recover moneys in a bank. Trial in the County Court of Cook County; the Hon. WALES W. WOOD, Judge, presiding. Verdict and judgment for plaintiff. Defendant appeals. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed May 26, 1898.

### STATEMENT OF FACTS.

This suit was brought by appellee against appellants and two others to recover moneys deposited by appellee, as a depositor, with a bank known as the Haymarket Produce Bank. This bank had been conducted by the defendants below as copartners, and the dealings of appellee with the bank begun at a time when all of such defendants were members of the copartnership. There was a change in the copartnership on November 5, 1895, by which appellants withdrew from the firm, leaving Howe and Bodenschatz, co-defendants below, but not appealing here, as the only remaining members of the firm. After the change, appellee continued to transact business with the bank. The greater part of the claim sued on was for money deposited after appellants had withdrawn from the firm. One of the issues of fact on the trial was as to actual notice to appellee of the change in the copartnership. The trial resulted in a verdict and judgment for appellee.

ESCHENBURG & WHITFIELD and SAMSON & WILCOX, attorneys for appellants.

COLLINS & FLETCHER, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

The giving of certain instructions, tendered by appellee, is assigned as error, and we regard the disposition of this assignment of error as determinative of the appeal.

The instructions complained of are as follows:

6th. "The jury are instructed that no presumptions or appearances of notice can be so strong as to be a notice in fact, or actual notice, when it has not been proved by the defendants to the satisfaction of the jury that the plaintiff really did have knowledge or the means of knowledge of the dissolution of the copartnership."

7th. "The jury are instructed that no means of knowledge of the dissolution of the firm of Arnold Bros., Baker & Co., was sufficient to be regarded as actual notice to the plaintiff, unless the plaintiff knew that he had in his possession that means of ascertaining and neglected to make use of it."

The instructions were erroneous. The sixth is faulty, because it requires something more than a mere preponderance of the evidence as the basis of action by the jury, in that it makes it necessary that notice be proved "to the satisfaction of the jury." Stratton v. The C. C. H. Ry. Co., 95 Ill. 25; O. O. & F. V. Ry. Co. v. McMath, 4 Ill. App. 356; Bunchwitz v. Tyman, 11 Id. 187.

The seventh is faulty, because it requires that notice, in order to be effectual, must have been known by appellee when received, to contain the requisite information or means of ascertaining same. In other words, it told the jury, in effect, that although documents were served upon appellee, or given to him, which were sufficient to convey notice, yet, if appellee neglected to examine the same, and did not, in fact, know what they contained, such service would be insufficient to constitute notice. It may be that, under the evidence here, the seventh instruction did not work any prejudice to appellants. It was, however, for the jury to determine whether the documents, viz., the receipts signed by appellee, were such as constituted notice, irrespective of whether appellee may have read their contents or not.

It can not be said that the sixth instruction did not mislead the jury in weighing the evidence and determining the issue as to notice. The question of notice was the principal issue of fact in the case. The jury should have been accurately instructed as to the necessary proof.

Questions raised as to other instructions are disposed of by the decision of this court in Arnold v. Hart, decided at March term, 1898, and not yet reported.

The judgment is reversed and the cause remanded.