ADOLPH ARNOLD *et al.*

*v.*

CHARLES HART.

*Opinion filed October 24, 1898—Rehearing denied December 14, 1898.*

1. BANKS—*depositor may hold original partners in absence of notice of change in firm.* A depositor is presumed, in law, to have relied upon the financial ability and integrity of each ostensible partner in a banking firm at the time he began his business relations with the bank, and may hold the original partners liable for deposits made after a change in the firm of which he had no knowledge or notice.

2. SAME—*closing doors waives right of bank to have written demand from depositors.* A banker who closes his doors and suspends banking operations waives his right to have thirty or sixty days' written notice of depositors' intention to withdraw deposits, as provided by a printed condition in the pass-books.

3. PLEADING—*plaintiff need not specially plead facts constituting an estoppel in pais.* A plaintiff in a suit against a partnership need not specially plead the facts relied upon by him as establishing the existence of the partnership by acts of the partners which would estop them from denying their partnership liability as against third persons without notice.

4. APPEALS AND ERRORS—*failure to allege demand must be pointed out at trial.* An objection that plaintiff's evidence, under the common counts, showed an express conditional promise to pay on demand, the condition or demand being waived, whereas no demand, or facts in excuse or waiver thereof, was alleged in the pleadings, is an objection of variance, and cannot be insisted upon, on appeal, unless specifically called to the trial court's attention.

5. EVIDENCE—*pass-book is admissible in suit against banking firm if proper foundation is laid.* In a suit by a depositor against the members of a banking firm who were partners when plaintiff began business with the bank, the depositor's pass-book is admissible where the fact of the partnership, the plaintiff's dealings with the bank, and the authorized making of the entry of deposits and withdrawals have been proved.

*Arnold* v. *Hart,* 75 Ill. App. 165, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

ESCHENBURG & WHITFIELD, and SAMSON & WILCOX, for appellants.

COLLINS & FLETCHER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action in assumpsit, by appellee, against Adolph, Herman and Theodore Arnold and Benjamin F. Baker. Arthur J. Howe and Gustavus A. Bodenschatz were originally joined as parties defendant, but were not served with process. The declaration is the common counts only, alleging promises by all the defendants as co-partners, doing business as "Arnold Bros., Baker & Co." Adolph, Herman and Theodore Arnold filed pleas admitting their liability except as to $551.24, to which they pleaded non-assumpsit and non-joint liability. Benjamin F. Baker filed pleas of non-assumpsit and non-joint liability as to the whole amount. The jury found the issues for the plaintiff and assessed his damages at $1164.48. Motion for new trial was overruled and judgment entered on the verdict for the full amount against the four defendants served. An appeal was taken to the Appellate Court for the First District, where the judgment of the trial court was affirmed. Appellants appeal to this court.

On December 23, 1892, Herman, Theodore and Adolph Arnold, Benjamin F. Baker, Arthur J. Howe and Gustavus A. Bodenschatz entered into partnership to do a general banking, exchange, insurance and mortgage business at No. 143 West Randolph street, Chicago, under the firm name of "Haymarket Produce Bank, Arnold Bros., Baker & Co. Proprietors," commencing May 1, 1893, and expiring April 30, 1903. They continued such business until October 25, 1895, when an agreement to dissolve was entered into, which was reduced to the form of articles of dissolution November 14, 1895, and signed by all the partners. By the terms of the dissolution Howe and Bodenschatz were to continue the business alone. They were

to give notice immediately to the creditors of the partnership of the dissolution, and to pay all its liabilities, and were not to use the name "Arnold Bros., Baker & Co." in continuing the business. The new firm of Howe & Bodenschatz carried on the business at the same place until August, 1896, when it passed into the hands of an assignee.

On January 6, 1895, appellee, Hart, opened a savings account with the original firm of Arnold Bros., Baker & Co., bankers, and received at the time a pass-book, on the cover of which was printed, "Haymarket Produce Bank, Arnold Bros., Baker & Co., Bankers." At the top of the page on which the entries of deposits and payments were made were the words: "*Dr.*—Arnold Bros., Baker & Co., in acc't with Charles Hart." In this passbook were entered by the bank the different items of deposit and of withdrawal, each with the date of its occurrence. Deposits and withdrawals were made both before and after the dissolution, and the verdict in this suit is for the total deposits less the total withdrawals, with interest for the entire period. All the deposits were made with Bodenschatz, one of the partners, or with one Peter Boyesen, a clerk in the bank both before and after the dissolution. Immediately after the dissolution the succeeding firm caused a glass sign to be hung inside the bank window and just above the old firm name of Arnold Bros., Baker & Co., as follows: "Howe & Bodenschatz, Successors to," and also caused a large number of calendars bearing the name of Howe & Bodenschatz to be printed and left in the windows of the bank for its patrons. After the dissolution appellee signed a number of receipts to the bank for withdrawals, which were on a printed form and were in the name of Howe & Bodenschatz. Appellee testified that knowledge of the dissolution of the original partnership never came to him until after the bank's failure; that he did not see the calendars mentioned, nor notice the change in the sign,

nor read the receipts given to him, further than to as-
certain that the amount stated was correct.  It was not
shown by appellants that the bank notified appellee per-
sonally of the change, and it is not disputed but that
the pass-book remained the same throughout his entire
dealings with the bank.  The pass-book issued to him
by appellant contained a number of conditions to which
he, by accepting the same, must be held to have agreed.
Among others was the right of the bank to demand and
have sixty days' notice in writing as a condition of pay-
ment on all sums exceeding $100, and thirty days' notice
on smaller sums, when in their opinion they deemed the
same advisable.

Appellee bases his right to recover in this action on
the liability of the defendants under the original partner-
ship agreement.  Having begun business relations with
the original firm, the law presumes that he relied upon
the financial ability and integrity of each ostensible part-
ner, and as to him the original partnership continued un-
til he had knowledge or notice of a change in the same.
(*Ellis* v. *Bronson*, 40 Ill. 455; *Southern* v. *Grim*, 67 id. 106;
*Page* v. *Brant*, 18 id. 37, and cases cited.)  The sufficiency
of the evidence, it tending to support the allegations of
appellee's declaration, is not subject to review here.

It is insisted by counsel for appellants that the facts
relied upon by appellee to establish the partnership lia-
bility of appellants amounts to an estoppel *in pais*, and
should therefore have been specially pleaded to admit
proof of the same on trial.  Story on Partnership (7th ed.
sec. 334) says: "It is well settled at common law that
an estoppel *in pais* need not be pleaded, but this rule has
been changed by statute in some of the States."  (See,
also, *Coleman* v. *Pearce*, 26 Minn. 123, and *Caldwell* v. *Anger*,
4 id. 156.)  It is also a rule that "facts are available as
estoppel where there was no opportunity to plead them."
(*Foye* v. *Patch*, 132 Mass. 105; *Clink* v. *Thurston*, 47 Cal. 21;
*Gans* v. *St. Paul Ins. Co.* 43 Wis. 108.)  In this case appellee

was not bound to anticipate the possible defense that the partnership had been dissolved, even if he knew it.

It is further contended that the suit was prematurely brought, because no demand was made on the bank, as provided by the printed conditions in the pass-book; and in any event, after the dissolution, the retiring members being solvent, the bank should have had the benefit of the sixty days' notice provided for in the printed conditions. We are unable to find any merit in these contentions. As we said in *Meadowcroft* v. *People*, 163 Ill. 56, (on p. 82): "When a bank or banker suspends payment and closes the doors against depositors and creditors, and discontinues banking operations, it or he waives the necessity for a demand on the part of its or his depositors." (See *Watson* v. *Phœnix Bank*, 8 Metc. (49 Mass.) 217; *Planters' Bank* v. *Farmers' Bank*, 8 Gill & J. 449.) Counsel seem to overlook the fact that appellee's recovery for the deposit subsequently to the dissolution is upon the liability of the original partnership. As to him, under the facts found, there was no dissolution. It is immaterial whether the retiring members were actually solvent and able to pay his claim or not. By closing the doors of the bank and proclaiming its financial inability to continue operations they thereby waived the right to insist on a demand.

Counsel insist that plaintiff's evidence on the trial proves, at most, but an express conditional promise to pay on demand, the condition or demand being waived, and hence, to have been properly provable on the trial, must have been specially declared on. This is, in effect, a claim that there was a variance between the allegation and proof. It is a general rule of pleading that when a demand is required, and that demand is a part of the contract, it must be specially alleged and proved, or an excuse given for not making such demand. (*People* v. *Glann*, 70 Ill. 232; also, see 2 Ency. of Pl. & Pr. 1001; 4 id. 648.) It is equally well settled that in order to entitle defendants to take advantage of that rule, assuming that

it is applicable to this case, they should have raised the point on the trial of the case and have distinctly pointed out the variance, so as to have enabled the court to have passed upon it understandingly, and, if necessary, have amended the pleading so as to correspond with the proof. (*Libby* v. *Scherman*, 146 Ill. 540; *Chicago and Alton Railroad Co.* v. *Clausen*, 173 id. 100.) They claim to have complied with this rule by moving the court, at the close of plaintiff's testimony, to direct a verdict "on the ground that the promise shown by the evidence has a condition precedent, and the condition is not shown to have been complied with." This motion did not pretend to point out any variance, but simply challenged the plaintiff's right to recover for want of proof of a demand. It is to be remarked that the condition in the pass-book as to a demand is not an absolute requirement that a demand shall be made to entitle the depositor to his money, but only "*if the same may be deemed advisable.*" There is nothing in this case, so far as we have been able to discover, showing that the bank had deemed such notice advisable in all cases, or in any way advised the plaintiff that it had done so.

The admission of the pass-book in evidence was not error. The foundation—by proving the partnership, the plaintiff's dealings with the bank, the entry in the pass-book by the bank of the different items of deposit and withdrawal—was duly laid.

The contention that appellee had actual notice of the dissolution, as shown by all the circumstances of the case, and that the uncontradicted evidence was such that it amounted to a conclusive presumption of law that he had such actual notice, cannot be sustained. There is evidence to the contrary, and the judgment of the Appellate Court is final on that as well as all other controverted questions of fact.

We are unable to discover any substantial error in the instructions to the jury. The principal error complained

of in that regard, as said by the Appellate Court, worked no prejudice to the defendants, conceding the instructions were not entirely accurate.

After examining the many points raised by counsel for appellants we are satisfied there is no reversible error in the record, and the judgment of the Appellate Court is affirmed.        *Judgment affirmed.*