## Adolph Arnold et al. v. Edward Burgdorf.

1. NOTICE—*A Question of Fact.*—As to whether a depositor in a banking firm had notice of a change in the proprietorship of the bank at or before making deposits is a question of fact, and should be submitted to the jury as such, under accurate instructions as to the law.

2. INSTRUCTIONS—*Requiring More than a Preponderance of the Evidence.*—An instruction which requires more than a preponderance of the evidence is erroneous.

Assumpsit, for money had, etc. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed if remittitur is entered, otherwise reversed and remanded. Opinion filed November 21, 1899.

ESCHENBURG & WHITFIELD and SAMSON & WILCOX, attorneys for appellants.

COLLINS & FLETCHER, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The general facts of this case are like those in Arnold v. Hart, 75 Ill. App. 165, and same case, 176 Ill. 442, where they may be seen. In this case, as in that one, the suit is by a depositor in the savings department of the banking business conducted by the appellants and Howe and Bodenschatz, as partners, originally, and by Howe and Bodenschatz as successors to the original partnership.

The pivotal question is whether appellee had notice of the dissolution of the original partnership, and the withdrawal by appellants from the firm, prior to or at the time of making a part of the deposits sued for.

The partnership was dissolved, and appellants withdrew from the partnership November 4, 1895. Most of the deposits were made before the retirement of the appellants from the firm. Two deposits were made afterward—one of one hundred dollars on June 26, 1896, and the other of seven hundred dollars on July 8, 1896.

Subsequent to the dissolution of the partnership and the retirement of appellants, four withdrawals of money were made by the appellee, two of which were made before said deposit of June 26, 1896, and the other two were made after the said deposit of July 8, 1896.

Upon the occasion of making each one of said four withdrawals, the appellee signed a partly printed and partly written receipt, in form like the one of July 9, 1896, which is as follows:

"Book No. 89.

HAYMARKET PRODUCE BANK,
HOWE & BODENSCHATZ.

Savings Department.

CHICAGO, July 9, 1896.

Received of......Howe & Bodenschatz............the sum of fifty................/100 dollars.

$50. ....                    EDWARD BURGDORF."

The other three receipts varied from the above in date and amount only.

The part of such receipts, except the signature, that was in writing, was written by either Mr. Bodenschatz or Mr. Howe, and then handed over the counter to appellee, who, stepping aside to a convenient desk, there signed his name, and returning, received the money. There was nothing to prevent him from reading the receipts, and he had full opportunity to do so.

The receipts signed by appellee whenever he withdrew money before the appellants withdrew from the business were in substance the same as the one above shown, except that the name "Arnold Brothers, Baker & Company," appeared where "Howe & Bodenschatz" is shown.

Appellee's bank book was not changed in any respect after appellants retired from the business, except by the noting of deposits when, from time to time, they were made.

The change made in the signs on the front of the banking office is described in the Hart case, *supra*, and need not be stated here.

Appellee lived and his place of business was five blocks away from the bank.

There was evidence tending to show that the change in the proprietorship of the bank was generally known in its neighborhood, and there was evidence tending to show that appellee received one of several hundred calendars that were distributed in the bank to its customers, upon which an advertisement appeared, the reading of which would indicate to the reader that the business of the bank was conducted by Howe & Bodenschatz.

Appellee denied that he received one of the calendars, and denied all knowledge, before the bank failed, of the retirement of appellants from the business. He did not specifically deny that he read the receipts signed by him. The question was not specifically asked him.

The amount of the judgment recovered by appellee included the deposits made after the dissolution of the firm and the withdrawal of the appellants from the business, as well as such as were made before, less payments.

We have stated enough, as we think, to make it appear that the question of fact as to whether the appellee had notice of the change in the proprietorship of the bank at or before making the two last deposits, should have been submitted to the jury under accurate instructions as to the law.

At the request of appellee the court gave to the jury an instruction as follows :

" The jury are instructed that no means of knowing or learning of the dissolution of the firm of Arnold Bros., Baker & Co., was sufficient to be regarded as actual notice to the plaintiff as a dealer with the firm before such dissolution unless the plaintiff knew that he had in his possession the means of ascertaining or knowing, and neglected to make use of it."

An instruction like this was condemned in Arnold v. Cannon, 76 Ill. App. 323. The issues in this case were in substance like those involved in the Cannon case, and we adopt the reasons given in the latter case as applicable here. We add to what is there said that the instruction is difficult to understand and likely to mislead a jury. Perhaps there may also be other criticisms to which the instruction is subject.

But counsel for appellee argue that the error, if error there is in the instruction, is cured by the answers given by the jury to special questions put to them. Two special questions were submitted to the jury, as follows:

" Had the plaintiff such means of knowledge in his possession that by the exercise of reasonable diligence he would have known of the change in the proprietorship of the Haymarket Produce Bank at the time of the making of his first deposit after such change ?

Had the plaintiff such means of knowledge in his possession that by the exercise of reasonable diligence he would have known of the change of the proprietorship of the Haymarket Produce Bank at the time of the making of his second deposit after such change ? "

And to each question the jury answered no.

We understand these questions, and probably the jury did also, as directed to means of knowledge in the possession of appellee at the time of making the deposits, whereas the instruction refers to any time.

The hypothesis of the instruction being different from that of the questions, we can not say that the jury by their answers have denied that of the instruction.

The opinion of the Supreme Court in the Hart case, *supra*, seems to have disposed of most of the important questions of law involved, and will furnish all the guide needed for another trial of the cause. The minor questions upon this record will probably not be encountered upon the next trial, and we will not take time to discuss them.

There not appearing in this record any valid objection to an affirmance of the judgment except as to the amount of the two deposits made by appellee after the dissolution of the original partnership, we will entertain a motion by appellee to be permitted to enter a remittitur accordingly from the judgment, conditioned upon an affirmance of the judgment for the balance, if he shall be so advised.

Unless such motion shall be made within ten days, the judgment will be reversed and the cause remanded because of the error in the instruction referred to. Reversed and remanded unless remittitur is entered.