[Civil No. 1087.   Filed March 20, 1909.]

[100 Pac. 447.]

## L. J. OVERLOCK, Defendant and Appellant, v. SETH E. HAZZARD, Plaintiff and Appellee.

1. PARTNERSHIP—DISSOLUTION—SUCCESSION OF CORPORATION—LIABILITY OF FIRM FOR CORPORATE DEBTS.—Where a partnership is dissolved, and a corporation of the same name succeeds it, reasonable notice must be given to persons having subsequent dealings with the corporation, in order to relieve one of the members of the firm from liability for the corporate debts contracted on the belief that the partnership still existed.

2. PARTNERSHIP—LIABILITY OF RETIRING PARTNER OR FIRM—SUCCESSION
BY CORPORATION.—Where a firm is succeeded by a corporation of
the same name, the liability of the retiring partner or firm for
future debts of the corporation incurred, by reason of credit having
been extended because of the belief induced by the conduct of the
partners that they were still interested in or carrying on the busi-
ness, rests on a principle akin to that of equitable estoppel, differ-
ing only in that no specific intent to mislead need be shown to exist.

3. PARTNERSHIP—DISSOLUTION—SUCCESSION BY CORPORATION—NOTICE
TO CUSTOMERS.—A firm with which plaintiff had been in the habit
of dealing was succeeded by a corporation of the same name.
Plaintiff continued to deal without actual knowledge of the change,
until after the debt in question was incurred, plaintiff believing
that he was dealing with the firm. He testified that his attention
had not been called to letter-headings in which the letters "Inc."
followed the corporate name. A corporation succeeded to the firm's
business, which was carried on in the same place. *Held,* that plain-
tiff was entitled to actual notice of the change in order to relieve
the firm and retiring partners from liability for plaintiff's claims
against the corporation.

APPEAL from a judgment of the District Court of the
Second Judicial District, in and for the County of Cochise.
Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Neale & Sutter, and J. M. O'Connell, for Appellant.

R. L. Alderman, for Appellee.

SLOAN, J.—The record in this case shows the following
facts: For a year or more prior to June, 1906, the appellant,
L. J. Overlock, and one Harry Dewey were copartners doing
a fire insurance and stock brokerage business in the city of
Bisbee under the firm name of Dewey & Overlock. On said
date a corporation was organized by said copartners and an-
other under the name of Dewey & Overlock, which corpora-
tion immediately took over the business of the partnership
and continued the same at the same place, using the same
sign and telephone number, and running the same announce-
ment and advertisement in the local newspapers. In 1905
the appellee, Hazzard, obtained from the firm of Dewey
& Overlock a fire insurance policy on his personal prop-
erty. This was the only business transaction had by him

with the firm. In February, 1906, Hazzard received a letter from Dewey & Overlock expressing the firm's appreciation for his patronage, soliciting his business for the future, and calling particular attention to their brokerage business. No publicity was given to the fact that the business had been transferred to the corporation, except that on the letter-heads used by the latter the words, "Dewey & Overlock" were followed by the letters "Inc.," and the names of the officers of the corporation were given as such. The articles of incorporation of the company were, at the time of its organization, published in a newspaper printed in the county, and were also duly recorded in the office of the county recorder of the county. After the incorporation of Dewey & Overlock, Hazzard had a number of transactions with the company concerning the purchase and sale of stock. This business was conducted through letters and by telephonic communications. In September, 1907, the corporation was declared insolvent. It was indebted at the time to Hazzard in the sum of $416.50 on account of these stock transactions. Hazzard then brought suit against Overlock, as a member of the firm of Dewey & Overlock, to recover this sum. He obtained judgment in the court below, whereupon the defendant, Overlock, appealed.

Upon the trial Hazzard testified: That he had had no actual knowledge, until after the debt was incurred, that the corporation of Dewey & Overlock had succeeded to the business of the firm of Dewey & Overlock; that he had dealt with the corporation under the belief that he was dealing with the firm; that his attention had not been called at any time to the heading of the letters received by him from the corporation, but he had assumed, from the name under which the company did business, and the continuation of the same business at the same place, that he was dealing with the firm; that he knew Overlock to be responsible and had credited Dewey & Overlock on his belief that he was doing business with the firm of which Overlock was a member. Under these facts the question of law arises whether the members of the firm of Dewey & Overlock are liable for the debt due Hazzard from the corporation.

It is well settled that, where there has been a change in the membership of a partnership, to relieve a retiring part-

ner from any liability for the debts of the partnership in the future, reasonable notice must be given to persons dealing with the partnership of such change. *Gilbough* v. *Stahl Bldg. Co.,* 16 Tex. Civ. App. 448, 41 S. W. 535. What will be deemed sufficient notice will depend upon circumstances. There is no difference in principle between the case where a corporation succeeds to the business of a partnership, and the case where a change has been made in the membership of a partnership, with regard to the duty of imparting notice of such change. Ordinarily, a change from a partnership to a corporation is attended with such change of name and frequently with such other changes as not to require personal notice of such change. Where, as in the present case, there is no change of name or place of business or other change which might reasonably be presumed to impart notice, some kind of notice reasonably adapted for that purpose ought to be given. The question whether personal notice is reasonably required must be determined from the circumstances of each case. *Arnold* v. *Hart,* 176 Ill. 422, 52 N. E. 936. The liability of a retiring partner or firm for future debts of the partnership, or corporation as the case may be, when such debts were incurred by reason of credit having been extended because of the belief induced by the conduct of the partners that they were still interested in, or carrying on, the business, rests upon a principle akin to that of equitable estoppel, differing only in this, that no specific intent to mislead need be shown to exist. *McGowan* v. *American Tan Bark Co.,* 121 U. S. 575, 7 Sup. Ct. 1315, 30 L. R. A. 1027; *Vernon* v. *Manhattan Co.,* 17 Wend. (N. Y.) 524; *Bank* v. *Weston,* 159 N. Y. 201, 54 N. E. 43, 45 L. R. A. 547.

There were no formal findings, so we presume that the trial court found that the facts and circumstances connected with the change of the business of Dewey & Overlock from that of a partnership to that of a corporation made it the duty of the firm, in order to relieve its members from liability in the future for the debts of Dewey & Overlock, to have given some actual notice to Hazzard of such change, and that this notice was not given or otherwise obtained by him. There is sufficient in the record to sustain such findings, and it follows therefore, as a matter of law, from such findings with the

XII Ariz.—10

uncontroverted facts, that the court did not err in entering judgment for the plaintiff.

The judgment is affirmed.

KENT, C. J., and CAMPBELL and NAVE, JJ., concur.