[Civil No. 2398.　Filed January 7, 1926.]

[241 Pac. 959.]

JOHN HYDER and KELLY T. HYDER, Copartners Doing Business Under the Firm Name and Style of HYDER BROTHERS, Appellants, v. BARTON HAT COMPANY, a Corporation, Appellee.

1. APPEAL AND ERROR—DUTY OF COURT SITTING WITHOUT JURY AS TO WEIGHT OF TESTIMONY STATED.—It is duty of trial court sitting without jury to reconcile conflicting testimony as best he can, and his decision will not be disturbed when it is question of weight of testmony or credibility of witnesses.

2. PARTNERSHIP—BUSINESS OPERATED AS PARTNERSHIP HELD TO BE SUCH AS TO GENERAL PUBLIC, WHERE NO PUBLIC NOTICE OR ANNOUNCEMENT OF DISSOLUTION MADE. — Where two brothers formed partnership under firm name, and later one opened another store under same name, which operated as partnership for several years, and no public notice or announcement of dissolution of partnership was made, *held*, brothers were partners as to general public, though they may not have been *inter se*.

3. PARTNERSHIP—DUTY OF PARTNERS TO PROVE NOTICE OF DISSOLUTION. Where store incorporated after doing business as partnership for ten years, it was partners' duty, when sued for goods sold by one who had been dealing with partnership, to prove that notice of changed status had been given plaintiff, and credit subsequently extended to corporation.

See (1) 4 **C. J.**, p. 883, n. *33*; p. 885, n. 39.　(2, 3) 30 **Cyc.**, p. 670, n. 24; p. 671, n. 35.

APPEAL from a judgment of the Superior Court of the County of Maricopa.　M. T. Phelps, Judge. Affirmed.

Mr. Weldon J. Bailey, for Appellants.

Miss Alice M. Birdsall, for Appellee.

1.　See 2 **R. C. L.** 207.
2.　See 20 **R. C. L.** 1067.

ROSS, J.—This is a suit upon an open account for goods sold by Barton Hat Company between December 4, 1922, and April 18, 1923, and the only question involved below was, and on this appeal is, as to who was the party to whom credit was given. The suit is against John Hyder and Kelly T. Hyder as partners. In their answer they put the allegation of partnership in issue by verified general denial. The trial was before the court without a jury, and judgment was adverse to defendants' contention. They appeal, and urge that the case should be reversed because they say there was no evidence of partnership, or that credit was extended to them as partners.

It is undisputed that defendants started business as partners in Tempe, Arizona, some time prior to 1912, under the firm name of Hyder Brothers; that in 1912 a store was opened in Phoenix in the same name under the management of John Hyder; Kelly T. remaining in charge of the Tempe store. The Phoenix store opened an account with plaintiff on April 24, 1915, under the firm name, and made orders in such name from time to time until December, 1922. In January, 1923, the Phoenix store incorporated under the name of Hyder Brothers, Inc., and the Tempe store under the name of Hyder Mercantile Company. The goods for the price of which this suit was brought were ordered during April, 1923, except an item of 38 cents, being a balance on account for December, 1922.

The plaintiff's general manager testified to an eight-year continuous course of dealings with defendants as a copartnership, and that his firm had received no notice that the status of Hyder Brothers had changed; that his firm had not extended credit to the corporation, but that the credit had been given to the partnership. John Hyder testified that he had noti-

fied plaintiff's salesman, at the time goods sued for were ordered, that the purchase was being made by the corporation, and he also said he notified everybody he owed by letter that he had incorporated the Phoenix store. He also stated that he and Kelly had not been interested together as partners since 1912, when the Phoenix store was established; that from that date he owned the Phoenix store, and Kelly the Tempe store. However, this testimony was weakened because of the fact that he and Kelly, as partners, in January, 1923, signed bills of sale transferring said stores to the incorporations organized as the successors of the two stores; also, such statements are further weakened by the fact that no public notice or announcement of the dissolution of the partnership business in 1912 was made at the time or afterward.

It was the duty of the trial court to reconcile the conflicts in the testimony as best he could, and we have uniformly refused to disturb that tribunal's decision when it was a question of the weight of the testimony or the credibility of the witnesses.

Hyder Brothers, *inter se,* may not have been partners but as to the general public they were. We think it was the duty of defendants, under the circumstances, to produce sufficient evidence to convince the court that plaintiff had notice of the changed status of Hyder Brothers from a partnership to a corporation, and that the credit was extended to the latter, and not to the former. A case of very similar import is that of *Overlock* v. *Hazzard,* reported in 12 Ariz. 142, 100 Pac. 447. We think the rules of law there announced are conclusive in this case, and that the judgment of the lower court should be affirmed.

It is accordingly so ordered.

McALISTER, C. J., and LOCKWOOD, J., concur.