## MULKEY et al. v. ANGLIN et al.

No. 21890.    Sept. 26, 1933.

Rehearing Denied Oct. 17, 1933.

W. W. Pryor, R. D. Howell, Jr., and Hugh M. Sandlin, for plaintiffs in error.

Virgil R. Biggers, for defendants in error.

WELCH, J. In the trial court W. T. Anglin, Alfred Stevenson, and Forrest M. Darrough, a partnership doing business as the Holdenville Finance Company, as plaintiffs, sued the defendants, Jas. H. Mulkey and R. D. Howell, as partners, doing business as the Mulkey Motor Company, for the balance due on each of 38 promissory notes which were originally executed and made payable to "Mulkey Motor Company" and were sold to plaintiffs, and in each instance conveyed by general indorsement, "Mulkey Motor Company by Jas. H. Mulkey, Member of the Firm." The notes were sold and indorsed to plaintiffs at varous dates between June, 1927, and January, 1928.

The defendants contend that the Mulkey Motor Company was not a partnership at that time, while admitting that the Mulkey Motor Company was a partnership composed of said two partners for several months or a year prior to June, 1927. They contend that on June 6, 1927, the Mulkey Motor Company was incorporated, with Jas. H. Mulkey, R. D. Howell, and Mrs. R. D. Howell as stockholders, and that at all of the times of assignment and indorsement involved in this action, the Mulkey Motor Company was a corporation and engaged in business as such, and that the defendants are therefore not personally liable.

The plaintiffs contend, in substance, that, although the defendants did file articles of incorporation and receive a charter on June 6, 1927, the defendants did not proceed further with such incorporation for more than a year, and did not at any time proceed to operate or conduct their business as a corporation, but, on the contrary, continued to conduct their business in the exact and identical manner as before, and held themselves out to the public and to the plaintiffs as continuing to be partners; that defendants took no steps whatever to dissolve their partnership, and that they permitted the plaintiffs to believe and rely upon the fact that the partnership continued to exist.

There was no controversy as to the amount due on the notes sued upon, and at the conclusion of the trial before the court, without a jury, there was a general finding and judgment for the plaintiffs for the amount sued for, the trial court thus finding that the defendants were liable individually as partners.

It is a controverted question of fact as to what, if anything, was done by the Mulkey Motor Company by way of acting as a corporation after June 6, 1927; it is not certain when or whether any stock was issued. After that date they continued to indorse and sell notes which were handled and sold and indorsed in exactly the same manner as before June 6th. The business of the Mulkey Motor Company, so far as is material here, was the selling of automobiles and taking notes for deferred installment payments, and negotiating and selling those notes, such as the notes involved in this action. After it is claimed by the defendants that the incorporation became effective so as to relieve them of personal liability as partners, the business continued to be the same, and was operated at the same place under the same name and with the same management. It was shown by statements of both defendants made at various times between June 6, 1927, and the trial of this cause in the trial court, that each had made statements to the effect, in substance, that they never did transact busi-

ness as a corporation, and that they, in fact, did continue to operate and conduct their business as a partnership. It was shown that credit statements had been signed by both of the defendants after June 6th, in which they referred to themselves as partners, and to the Mulkey Motor Company as a partnership, and in 1928, the defendant Howell sold his interest in the business to Dr. Cone, and in the conveyance referring to the business as a partnership, and in fact selling and conveying his interest in the partnership to Cone, whereupon Dr. Cone and Jas. H. Mulkey, by agreement, continued the partnership, or created a new partnership composed of themselves.

As to most of these facts, there was conflict of evidence, but the evidence is sufficient to sustain the finding of fact that after June 6, 1927, the defendants continued to conduct and operate their business as a partnership, and to hold themselves out as partners, and to such an extent as to permit the plaintiffs to believe and rely upon the fact of the continuance of the partnership.

In fact, there was no effort made by the defendants whatever to legally dissolve their partnership. They were admittedly partners prior to June, 1927, and prior thereto had dealt with the plaintiffs in the same manner as they did deal with them after said date, and if it was the intention of the defendants to incorporate their business, and to dissolve their partnership in June, 1927, they made no effort whatever to dissolve their partnership in the manner provided by law. Section 8134, C. O. S. 1921 [11655, O. S. 1931], reads as follows:

"The liability of a general partner for the acts of his copartners continues, even after the dissolution of the partnership, in favor of persons who have had dealings with, and given credit to the partnership during its existence, until they have had personal notice of the dissolution; and in favor of other persons, until such dissolution has been advertised in a newspaper published in every county where the partnership, at the time of its dissolution, had a place of business; to the extent, in either case, to which such persons part with value, in good faith, and in the belief that such partner is still a member of the firm."

The defendants seem to contend that the mere fact that they filed articles of incorporation, and that a corporate charter was issued, would of itself operate to dissolve the partnership and create a record dissolution thereof, which would be binding upon

all parties without any further notice and without regard to the manner in which the partners might thereafter conduct themselves and operate the business, but we are unable to follow counsel to such conclusion.

In Rowley on Modern Law of Partnerships, section 253, it is said:

"The question has arisen as to the liability of stockholders where a creditor dealt with a corporation believing that he was dealing with a partnership. It may be safely assumed that if the creditor has never before dealt with a corporation as a partnership, and if he has not been led to believe, from statements or conduct of the stockholders, that it was in fact a partnership, it would seem clear that he could not hold the stockholders personally liable merely because of an erroneous or unfounded belief. But if a creditor had aforetimes dealt with the association as a partnership, and if the partnership had become incorporated without notice to him of the change, and it had continued his running account without break, then the creditors could hold the incorporators, the original partners, liable on contract made after the incorporation. In such cases the corporation would be estopped to set up its organization as a defense against such a creditor. Where the person in charge of the business represented to the creditor that the association was a partnership and not a corporation and where the creditor had no knowledge of any incorporation but dealt with the association as a partnership, this was held sufficient to make the stockholders liable as partners."

In the case at bar there was not exactly any "continuance of running account without break," but notes were sold and indorsed to plaintiffs from time to time in exactly the same manner as had theretofore been the case, and it seems clear that the plaintiffs are in the same position as if they had continued transactions with the defendants upon a "running account." It is insisted on the part of the defendant Howell that he knew nothing of the transactions between Mulkey and the plaintiffs, but the defendant Howell was, by his own admissions, a member and one-half owner of the partnership before June 6, 1927, and was, by his contentions, thereafter the vice president and secretary-treasurer of the corporation, and the evidence of these facts, together with his conduct and statements as shown of record, are sufficient to sustain the finding and conclusion that he must be charged with notice and knowledge of the continued dealings between the plaintiffs and defendants after June 6, 1927.

In Cook on Corporations (8th Ed.) section 243, it is said:

"While it is clear that even though a partnership becomes incorporated, a party who has dealt with the partners and supposes that he is still dealing with it may hold the partners liable for goods furnished after the incorporation."

And in Fletcher, Cyclopedia Corporations, vol. 8, sec. 4019, dealing with the incorporation of partnerships and the liability of partners, it is said:

"* * * Liability of partners on contracts entered into and obligations incurred after the incorporation must depend upon a number of circumstances, among which are the legality and completeness of the incorporation, and notice thereof on the part of those subsequently dealing with the partners. * * * Partners cannot, by mere agreement to become incorporated, even if followed up by active, but insufficient steps to bring about such incorporation, relieve themselves from personal liability to creditors who deal with them as partners and furnish credit to them, without notice or knowledge of their attempted incorporation. The liability of a partner or firm for future debts of the partnership or corporation, as the case may be, when such debts are incurred by reason of credit having been extended because of the belief induced by the conduct of the partners that they were still interested in or carrying on the business, rests upon a principle akin to that of equitable estoppel, differing only in this respect that no specific intent to mislead need be shown. * * *"

And following, in section 4020 of the same authority, it is said:

"It is a well-settled principle of law, that where a partnership is dissolved or there has been a change in the membership, notice should be given to persons dealing with the firm so as to avoid liability for future obligations. With regard to the duty of imparting such notice, there is no difference in principle between the case where a change has been made in the membership of a partnership and the case where the partnership has been incorporated and the corporation succeeds to its business, and statutory provisions requiring notice of dissolution have been held to apply where a corporation succeeds a partnership. Whatever may be the intention and the agreement of partners to effect a dissolution as between themselves, if notice of that fact is not given, the partnership cannot be deemed to be dissolved as regards others, and particularly where the firm continues, after the incorporation, to prosecute the business as before. The partners must be held liable for debts incurred by the partnership, or corporation, as the case may be, when incurred by reason of credit having been extended through a belief, induced by the conduct of the partners, that they are still interested in, or carrying on, the business.

"What will be deemed sufficient notice of incorporation will depend upon the circumstances. It should in any event be reasonably adapted to the purpose for which it is intended. It need not necessarily be personal notice, for frequently a change from a partnership to a corporation is attended with such change of name, change of place of business, and such other changes as not to require personal notice to persons dealing with the firm, of the organization of the corporation.

"* * * Ordinarily the burden devolves upon the partners to prove that creditors seeking to hold them liable as such had notice or knowledge of the incorporation and that they were doing business as a corporation and not as partners when the indebtedness was contracted. In establishing or disproving notice or knowledge where that matter is in issue, the accepted rules of evidence are adhered to, as also those governing jury questions and instructions. Issues of facts as to whether plaintiff creditor has notice or knowledge of the incorporation at the time the obligation was incurred, or should have known thereof, are properly submitted to the jury under proper instructions."

It must be observed that in the case at bar there was no change in the name of the Mulkey Motor Company, and no change in the place of business, nor in the business actually engaged in, nor in the management of the business.

In 47 C. J. 1139, it is said:

"Change from Partnership to Corporation. The view has been expressed that ordinarily a change from a partnership to a corporation is attended with such change of name and frequently with such other changes as not to require personal notice of such change. However, notice of some description should be given, and where there is no such change of name or place of business or other change which might reasonably be presumed to impart notice, a notice reasonably adapted for conveying knowledge of the change should be given, and in such case actual notice to a person who had dealt with the firm is required. Notice of organization as a corporation is not necessarily notice of dissolution of the firm where the incorporation is not inconsistent with a continuance of the partnership."

The Supreme Court of Arizona, in passing upon this very question in the case of Overlock v. Hazzard, 100 P. 447, in the body of the opinion says:

"It is well settled that, where there has been a change in the membership of a part-

nership, to relieve a retiring partner from any liability for the debts of the partnership in the future, reasonable notice must be given to persons dealing with the partnership of such change. Gilbough v. Stahl Building Co., 16 Tex. Civ. App. 448, 41 S. W. 535. What will be deemed sufficient notice will depend upon circumstances. There is no difference in principle between the case where a corporation succeeds to the business of a partnership, and the case where a change had been made in the membership of a partnership, with regard to the duty of imparting notice of such change. Ordinarily a change from a partnership to a corporation is attended with such change of name and frequently with such other changes as not to require personal notice of such change. Where, as in the present case, there is no change of name or place of business or other change which might reasonably be presumed to impart notice, some kind of notice reasonably adapted for that purpose ought to be given. The question whether personal notice is reasonably required must be determined from the circumstances of each case. Arnold v. Hart, 176 Ill. 442, 52 N. E. 936. The liability of a retiring partner or firm for future debts of the partnership, or corporation as the case may be, when such debts were incurred by reason of credit having been extended because of the belief induced by the conduct of the partners that they were still interested in, or carrying on, the business, rests upon a principle akin to that of equitable estoppel, differing only in this, that no specific intent to mislead need be shown to exist. McGowan v. American Tan Bark Co., 121 U. S. 575, 7 Sup. Ct. 1315, 30 L. Ed. 1027; Vernon v. Manhattan Co., 17 Wend. (N. Y.) 524; Bank v. Weston, 159 N. Y. 201, 54 N. E. 43, 45 L. R. A. 547.

"There were no formal findings, so we presume that the trial court found that the facts and circumstances connected with the change of the business of Dewey & Overlock-from that of a partnership to that of a corporation made it the duty of the firm, in order to relieve its members from liability in the future for the debts of Dewey & Overlock, to have given some actual notice to Hazzard of such change, and that this notice was not given or otherwise obtained by him. There is sufficient in the record to sustain such findings, and it followed, therefore, as a matter of law from such findings with the uncontroverted facts, that the court did not err in entering judgment for the plaintiff."

In Hyder v. Barton Hat Co. (Ariz.) 241 P. 959, the third syllabus paragraph reads as follows:

"Partnership. Duty of partners to prove notice of dissolution. Where store incorporated after doing business as partnership for ten years, it was partners' duty, when sued for goods sold by one who had been dealing with partnership, to prove that notice of changed status had been given plaintiff, and credit subsequently extended to corporation."

And in the body of the opinion in the case last cited, the court further states:

"Hyder Bros., inter se, may not have been partners, but as to the general public they were. We think it was the duty of defendants, under the circumstances, to produce sufficient evidence to convince the court that plaintiff has notice of the changed status of Hyder Bros. from a partnership to a corporation, and that the credit was extended to the latter, and not to the former. A case of very similar import is that of Overlock v. Hazzard, reported in 12 Ariz. 142, 100 P. 447. We think the rules of law there announced are conclusive in this case, and that the judgment of the lower court should be affirmed."

In Moning Dry Goods Co. v. Wiseman, 60 Okla. 94, 159 P. 259, this court said in the body of the opinion:

"The questions of partnership, when it began, when it ceased, if it did cease, whether or not it was in existence at the time these goods were purchased, whether the goods were purchased by the partnership, whether or not the partnership is liable for the payment of same, whether, if the partnership had ceased to exist before the purchase of the goods, the plaintiff had knowledge thereof under sections 4462 and 4465, Rev. Laws of Oklahoma 1910, are all questions of fact for the jury to find and determine in the light of all the facts and circumstances in evidence before them touching such matters and things.

" 'When the question whether a partnership exists is a matter of doubt, to be decided by inferences to be drawn from all the evidence, it is one of fact for the jury, and, the court should not nonsuit or direct the jury to find a verdict for the plaintiff or defendant'."

In the case at bar trial was had to the court, without the intervention of a jury, by agreement and waiver of the parties, and the judgment of the trial court should be given the same weight and effect as the verdict of the jury. Anderson v. Gunther City Coke Co., 139 Okla. 102, 281 P. 982, A-Packer Corporation v. Crowell, 134 Okla. 104, 272 P. 378; Frank v. Harjo, 142 Okla. 157, 286 P. 14.

The defendants Mr Mulkey and Mr. Howell urge that all these contentions on the part of the plaintiffs constitute a collateral attack upon the existence of a cor-

poration, and are, therefore, improper, and the defendants cite authorities to the general effect that such collateral attack may not prevail. It is true that in actions instituted by corporations upon contracts, as in the cited cases, a collateral attack may not be made upon the existence of a corporation, but neither the cited cases nor the authorities investigated by the court cast any doubt upon the right of the plaintiffs in this character of action to present and urge the contentions here mentioned, but, on the contrary, the authorities, as heretofore observed, fully sustain the right of the parties to urge these contentions. The trial court found the issues in favor of the plaintiffs there, and such conclusions of the trial court are amply supported by all of the evidence. In such case it has been consistently held by this court that such finding and judgment will not be disturbed on appeal.

The defendants in general urge various errors in the introduction of evidence, and urge upon the part of the defendant Howell that statements of his codefendant, Mulkey, are not binding upon him. We find no fault with the rule of law suggested by the defendants in this regard, but they are not applicable here for the reason that the acts and conduct and statements of the defendant Mr. Howell himself are sufficient to sustain the finding that he should be held personally liable as a partner. There is no question as to the correctness of the amount found to be due on the notes sued on in this action, and for the foregoing reasons the judgment of the trial court is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. ANDREWS, J., absent.