St. Louis, Arkansas & Texas Railway Company v. N. C. Harris, Mayor of Tyler, et al.

### No. 2606.

1. **Supplying Lost Instrument.**—Article 4286, Revised Statutes, does not embrace all instruments of writing which are authorized by the statute to be recorded, but defines and limits the specific kinds of written instruments whose loss may be supplied. It does not authorize all instruments which are authorized to be recorded, and which may be lost, to be supplied by a suit for that purpose.

2. **Same.**—A written contract between a city and a railway company whereby the latter agreed for a specified consideration to locate its shops and perpetually maintain its domicile and shops within the limits of the city, is not an instrument which, being lost, can be supplied under the provisions of article 4286. Evidence of the contents of such lost instrument may be perpetuated by proceeding under the statute to take depositions of witnesses, and in such a proceeding it is only important so far as relates to proper parties that the plaintiff has an interest and that the defendants are supposed to be adversely interested. Such written contract was an instrument which under the statute might have been recorded.

3. **Suit to Perpetuate Testimony.**—In a suit under the statute to perpetuate testimony it is only necessary that those who are made defendants have or are supposed to have an adverse interest. It is not necessary that all the parties adversely interested should be joined as defendants, since the testimony perpetuated can only affect those who are made parties.

4. **Parties.**—A contract between an incorporated city and certain of its citizens with a railway company, whereby the latter agreed for a designated consideration to locate and permanently keep in operation its main machine shops, if sought to be enforced against the company, should be brought by the municipal corporation or by such of its citizens as participated in furnishing the consideration and who thus have a pecuniary interest in the enforcement of the contract.

Error from Smith. Tried below before Hon. Felix J. McCord.

The opinion states the case.

*N. W. Finley* and *Clark, Dyer & Bolinger*, for plaintiff in error. — 1. The alleged lost instrument not being a deed, bond, bill of sale, mortgage, deed of trust, power of attorney, or conveyance of any description, did not come within the statute for supplying lost records, and the statute (original) clearly contemplated that the instrument to be supplied must be a recorded instrument. Rev. Stats., art. 4286, *et seq.;* Pream. Orig. Act, Gen. Laws 1876, p. 45.

2. Plaintiff's cause of action not coming within any of the specific delegations of jurisdiction by the Constitution to District Courts, it was requisite to the jurisdiction of the court that the amount in controversy should appear to exceed the sum of five hundred dollars before the jurisdiction could lawfully attach. Const., art. 5, sec. 8; State v. DeGress, 53 Texas, 397; Railway v. Rambolt, 67 Texas, 654.

3. If the jurisdiction of the District Court is sought to be maintained under its general equity powers (which was not attempted below), then such equity jurisdiction could not attach under plaintiffs' pleadings because plaintiffs have a plain, adequate, and complete remedy at law, and there was no necessity for a resort to equity. To entitle a party to come into equity for relief, even in case of a lost deed, it is incumbent on him to aver and establish either that there is no remedy at all at law or no remedy adequate or adapted to the circumstances of the case. The loss of a deed or its being in possession of the adverse party will not support a bill to perpetuate testimony. 1 Story's Eq. Jur., sec. 84; 1 Wait's Act. and Def., 164; Thomas v. Caldwell, 50 Ill., 138; Worthy v. Tate, 44 Ga., 152; Whitfield v. Faussatt, 1 Ves., 392, 393; Dalton v. Coatsworth, 1 P. Wms., 731; Welford's Eq. Pl., 143; North v. Gray, 1 Dick., 14; Dormer v. Fortescue, 3 Atk., 132.

4. The alllegation of plaintiffs' petition failed to show that plaintiffs had any cause of action or complaint against defendant or any capacity to sue in the behalf assumed by them, for if such a contract as alleged was ever entered into between the Texas & St. Louis Railway Company it was entered into with the city of Tyler and not with plaintiffs, and the city of Tyler was the proper and sole plaintiff to assert its rights thereunder. The court therefore erred in overruling defendants' general demurrer on this ground.

5. While it was competent for individual citizens of the city of Tyler in their personal capacities to extend any character of individual aid to a railway company, each contributing thereto individually and by name, yet any contract made or attempted by the aggregate citizenship of a city acting by or through the municipal organization of a city as trustees for the purpose of extending aid to a railway company is in effect a donation by the city to a railway company, and is contrary to public policy and void under the Constitution, and courts can not give effect

to any contract of that character even to the extent of recognizing and establishing it judicially.    Const., art. 11, sec. 3.

6.    In a proceeding to establish a lost deed or instrument the grantor or contracting party must be made a party to the proceeding, if alive, in analogy to the revival of a judgment, or some valid reason must be alleged and shown why he is not made a party, such as death or other good cause.    Dan. Ch. Pr., mar. p. 249, and note; Story's Eq. Plead., sec. 153; Austin v. Reynolds, 13 Texas, 544; Henderson v. Van Hook, 24 Texas, 358.

7.    A lost deed or contract will not support a bill in equity to perpetuate testimony.    Welf. Eq. Plead., p. 143; North v. Gray, 1 Dick., 14.

*Whitaker & Bonner,* for defendants in error. — 1. The District Court of Smith County had jurisdiction of this case and ought to have retained it, because the alleged lost instrument as set out in plaintiff's petition was such an instrument as is contemplated by the statute laws of the State authorizing the substitution of lost records or instruments acknowledged for record.    Rev. Stats., art. 4289 *et seq.;* Rev. Stats., art. 4331, as to what instruments are authorized to be recorded.

2.    The Texas & St. Louis Railway Company was not a necessary party to this action because it had parted with all its rights and interest in the alleged contract, and the property secured thereby had been conveyed to the defendant company, who had assumed all the obligations imposed by the contract, and therefore in a proceeding to supply the lost instrument brought by the parties having an interest in such instrument the statute provides that citation shall issue "to the grantor in such deed, or to the party or parties who were interested in such instrument of writing, or to the party or parties who were interested adversely to the appellant at the time of the rendition of any such judgment, or who may now be interested, or the heirs and legal representatives of such parties." Only parties interested in the instrument need be made defendants.    Rev. Stats., art. 4287; Georgia Southern R. R. Co. v. Reeves, 11 Am. and Eng. R. R. Cases, 333; S. C., 64 Ga., 492.

Henry, Associate Justice. — Appellees, describing themselves as mayor and secretary of the city of Tyler, instituted this suit in the District Court of Smith County against the St. Louis, Arkansas & Texas Railway Company in Texas, and charged that the Texas & St. Louis Railway Company made a proposition to the citizens of the city of Tyler in substance that "In consideration of $4000 to be paid in 60 days, and for the account of said railway company, the said sum to be disbursed in the erection of the shops hereafter described; also of a deed to the company in fee simple for eight acres of land, at a location satisfactory to the company, to be used as the ground upon which the shops shall be

located; also the securing for the company the right of way through said city, this company hereby agrees and contracts with the city of Tyler, or such committee of citizens of Tyler as may be raised for this purpose, to locate, construct, and permanently keep in operation within the city of Tyler the main machine shops for the line of the Texas & St. Louis Railway Company; and when the city of Tyler has complied with its part of this proposition the board of directors are authorized and directed to carry this resolution immediately into effect.

"That afterwards, in May, 1880, the said citizens of Tyler, at a public meeting held for that purpose, at which these plaintiffs were present and in which they participated, accepted said proposition and proceeded forthwith to comply with the same on their part.

"That these plaintiffs with other citizens of Tyler paid $4000 to Williams & Bonner, bankers, for the account of said railway company. That these plaintiffs with other citizens of the city of Tyler secured for the said company, at their own expense and free of cost to said company, the right of way through the city to the western corporate limits from the point designated in said proposition.

"That these plaintiffs and other citizens of Tyler secured by purchase for said company, free of cost to it, eight acres of ground, which were selected by said company and upon which it constructed its machine shops.

"That these plaintiffs and the other citizens of Tyler complied in all respects with the said proposition and contract, and such acts of compliance were accepted by the railway company in full satisfaction.

"That the Texas & St. Louis Railway Company and the defendant railway company have since the date above stated and do now enjoy the benefits and advantages of said contract, holding said money, right of way, and eight acres of land.

"That afterward, in July, 1880, said proposition, its acceptance by the citizens of Tyler, and their compliance therewith, was reduced to writing as a contract embodying the terms as above set forth, and in addition thereto it was further agreed and understood that in consideration of the premises the said Texas & St. Louis Railway Company should perpetually maintain its domicile and principal offices in the city of Tyler, which said contract was on the part of the said company executed by its president, and on the part of the citizens of Tyler by the mayor of said city, J. M. Hockersmith, and the city secretary, for themselves and their successors in office, as trustees for the citizens of Tyler, and the same was duly acknowledged for record before a notary public for said county of Smith.

"That said contract has been lost or destroyed without being recorded.

"That the defendant, the St. Louis, Arkansas & Texas Railway Company in Texas, has by purchase of the property of the Texas & St.

Louis Company acquired all the right, title, and interest and assumed all the obligations of said Texas & St. Louis Railway Company under and by virtue of said contract, and the said company is now holding and enjoying all the money, lands, and other benefits and rights secured thereby.

"That plaintiffs, being citizens of Tyler and having contributed with other citizens to the performance of said contract, are interested therein, and they by virtue of their offices as mayor and city secretary are trustees for the citizens of Tyler in all matters affecting said contract.

"Plaintiffs pray that said contract may be supplied by an order of the District Court upon due and proper proof of the same according to the statute in such cases made and provided. And if not entitled to that relief, they, in anticipation of a suit with defendant with regard to said contract, pray that their petition be treated as a suit to perpetuate the testimony of witnesses who know of the execution and contents of said contract."

To this petition the defendant demurred generally and specially.

The special exceptions were, "first, for the nonjoinder of the Texas & St. Louis Railway Company as a party defendant; second, that the petition did not show that defendant was connected with the Texas & St. Louis Railway Company or bound for its obligations or contracts except as a purchaser of all of its property, which does not make defendant its successor or liable for its contracts."

The case was tried without a jury. The demurrers were overruled and judgment rendered for plaintiffs, establishing the allegations of the petition to be the lost contract by substitution, and ordering that the judgment "stand in the place of and have all the force and effect of said original contract."

The record contains neither a statement of facts nor the judge's conclusions.

The defendant brings the case before us by writ of error. The errors assigned are that:

"1.   The District Court of Smith County, Texas, had no jurisdiction of this cause, and ought not to have usurped jurisdiction thereof; because:

"(a)   The alleged lost instrument as set out in plaintiffs' petition was not such an instrument as is contemplated by the statute laws of the State of Texas for supplying lost records or instruments.

"(b)   If plaintiffs' proceedings or suit was outside of the statute in such cases made and provided, and under the general equity powers of the court, then and in that event the court did not have jurisdiction, because plaintiffs' petition failed to show that the matter in controversy exceeded the sum of five hundred dollars; and it is apparent from the face of said petition that plaintiffs had a plain, adequate, and complete remedy at law.

"2.   The allegations of plaintiffs' petition failed to show that plaint-

iffs had any cause of action or complaint against defendant or any capacity to sue in the behalf assumed by them; for if such a contract as alleged was ever entered into between the Texas & St. Louis Railway Company it was entered into with the city of Tyler and not with plaintiffs, and the city of Tyler was the proper and sole plaintiff to assert its rights thereunder. The court therefore erred in overruling defendant's gengeneral demurrer on this ground.

"3. There was a nonjoinder of necessary parties defendant to this action, and the court erred in overruling defendant's special exception on that ground, because, as appears from the allegations of plaintiffs' petition, if any contract was ever made as alleged it was made and entered into between the city of Tyler on the one part and the Texas & St. Louis Railway Company on the other part, the latter being a railway corporation duly incorporated under the laws of Texas, and there is no allegation that the Texas & St. Louis Railway Company has forfeited its charter or ceased to have a corporate existence. Said corporation being in existence, it was a necessary party before the court, and the special exception on that ground should have been sustained.

"4. The court erred in overruling the third special exception of defendant to plaintiffs' petition, because the allegations of plaintiffs' petition showed that this defendant was a purchaser of the property of the Texas & St. Louis Railway Company, and the general allegation of plaintiffs that defendant was the successor of said corporation was insufficient on special exception, in that it failed to set forth facts showing how the defendant became subrogated to said Texas & St. Louis Railway Company in rights, duties, and obligations as its successor in law.

"5. The court erred in overruling defendant's second special exception, because the defendant company was not a necessary or proper party to a proceeding to establish a lost contract between the city of Tyler and another corporation; for if such contract was established it would bind defendant if in fact it stood in privity or as successor to said corporation, whether defendant was a party to the suit or not; and the final allegations of plaintiffs apparently seeking to perpetuate testimony were abandoned on trial and no attempt made to perpetuate testimony under the statute or otherwise."

We think this cause must be treated as brought under title 85, chapter 2, of the Revised Statutes, relating to the establishment of lost records. While the brief of appellant discusses it both in that and another view, the brief of appellees presents it only as a proceeding under the statute. To prevent any misapprehension of our views in this connection we will say that unless plaintiffs are entitled to relief under said statute we think there are many and invincible reasons against their recovery in this cause as now presented by the record.

Article 4286 of the Revised Statutes defines and limits the character

of records that may be supplied.  Its language is:  "All deeds, bonds, bills of sale, mortgages, deeds of trust, powers of attorney, and conveyances of any and every description which are required or permitted by law to be acknowledged or recorded and which have been so acknowledged or recorded, and any and every judgment of a court of record in this State, and which record and minutes of court containing such judgment have been or may hereafter be lost, destroyed, or carried away, may be supplied by parol proof of the contents thereof."  This description does not embrace all instruments of writing authorized by our statutes to be recorded.  Nor does it provide that all instruments authorized to be recorded may be supplied by a suit for that purpose.  It only directs that the instruments named if also authorized to be recorded may be supplied.  The contract sued upon is such an one as was authorized to be recorded, but clearly is not within the description of instruments that may be supplied by suit.

Plaintiffs' petition prayed for the perpetuation of the testimony of witnesses with regard to said contract if they were not found entitled to a decree establishing it.  As the judgment of the court established the contract the other relief sought was probably not considered by the court.

As plaintiffs are not entitled to a judgment supplying the contract, they may desire to make use of their petition as a proceeding to perpetuate the testimony, and to enable them to take that course we will reverse and remand instead of reversing and dismissing the case, as we otherwise would be constrained to do.

Our statute authorizes any person who may anticipate the institution of a suit in which he may be interested to file a written statement in the proper court of the county where such suit could be instituted, representing the facts, and names and residences if known of the persons supposed to be interested adversely to said person, and after proper service to proceed to take depositions of witnesses, to be used as evidence if such suit be instituted.

This, if any remedy is necessary to preserve the contract in question as evidence, is the proper course to be pursued in this case.

In saying this we do not indicate an opinion that the citizens of Tyler as a body of people distinct from the corporate government of the city can maintain a suit for relief on the contract, or that plaintiffs as individuals or officers of the city can maintain such suit beyond their own pecuniary interest in the contract.

Treated as a proceeding to perpetuate evidence it is only required that plaintiffs have an interest and that the parties they make defendants are supposed to be adversely interested.

The question as to proper parties to the suit when relief shall be sought is not material in this proceeding, as the depositions when taken can

only be used for or against such parties as are included in the proceedings to perpetuate the evidence.

The suit for relief, it seems to us, will have to be prosecuted either in behalf of the city as a corporation or by such of its citizens as participated in the transactions and have in them a pecuniary interest.

We only make this suggestion because if the proceeding to perpetuate testimony is further prosecuted the question of proper parties may ultimately become an important question.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Delivered March 26, 1889.