**RODRIGUEZ et al. v. SHACKLETT et al.**

**No. 10757.**

Court of Civil Appeals of Texas.
San Antonio.

Oct. 21, 1940.

Gus B. Mauermann, Albert C. Buss, and Augustus McCloskey, all of San Antonio, for appellants.

Terrell, Davis, Hall & Clemens, of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted in the 73rd District Court of Bexar County on September 22, 1931, by McClellan Shacklett, as plaintiff, against Maria Chavez de Rodriguez, a feme sole, John C. Rodriguez and Mary Matthews, a feme sole, and also David J. Straus and R. O. Huff, trustee, as defendants, seeking to recover upon a promissory note payable to McClellan Shacklett in the sum of $18,000, together with interest, and signed by Maria Chavez de Rodriguez. The note had the following endorsement on the back thereof: "We hereby guarantee the payment of each installment of the within note, both principal and interest, as and when such installments become due." Signed: John C. Rodriguez and Mary Matthews.

Payment of the note was secured by a deed of trust lien upon the following real estate:

First: Lots One (1), Two (2), Three (3), and Four (4), in Block Forty-Nine (49), New City Block Three Hundred Forty-Eight (348) out of a subdivision of Old Lot No. Thirty-Eight (38).

Second: Lots One (1), Two (2), Four (4) and Six (6) in Block Forty-Two, (42), New City Block Three Hundred Fifty-One (351), in what is known as the Francisco Xavier Rodriguez Suerte, excepting, however, the East 113.5 feet of Lot 6, in Block No. 42.

Foreclosure of this deed of trust lien upon said real estate was also sought by plaintiffs.

On December 16, 1931, McClellan Shacklett departed this life and Ernest D. Shacklett and Walter A. Shacklett, each individually and as independent executors of the last will of McClellan Shacklett, deceased, were substituted as parties plaintiff.

On June 22, 1935, plaintiffs filed their third amended petition in which they set up the fact that John C. Rodriguez and Mary Matthews had become guarantors of the

payment of the note and a personal judgment was prayed for against them individually.

On February 20, 1936, Plaintiffs filed their fourth amended original petition, in which they set up the fact that Maria Chavez de Rodriguez died intestate, on or about the —— day of ——, 1935, and that there 'is now no administration of her estate and no need for administration; that John C. Rodriguez, Mary Matthews, R. C. Rodriguez, Rafaela Chavez, Aurelia Rodriguez Sens and husband, Benno Sens, Louis Garcia, Robert Garcia and Stella Garcia are the sole and only heirs at law of the said Maria Chavez de Rodriguez, to whom, upon the death of the said Maria Chavez de Rodriguez, the title to the above-described real estate descended, and prayed for a foreclosure of the lien as to the above-named heirs.

On March 21, 1939, plaintiffs filed their sixth amended original petition, in which they alleged, among other things, as follows: "Plaintiffs would now show that this suit was filed on September 22nd, 1931, the defendants therein having been Maria Chavez de Rodriguez, John C. Rodriguez and Mary Matthews, the latter then a feme sole, David J. Straus and R. O. Huff, Trustee; that Maria Chavez de Rodriguez died during the month of July, 1935; no administration of her estate having been taken out, the plaintiffs made parties hereto all the heirs of said Maria Chavez de Rodriguez, the same being the defendants, John C. Rodriguez, Mary Matthews Picnot, Rafaela Chavez, Aurelia Rodriguez Sens, Louis Garcia, Robert Garcia, Stella Garcia, and Ramon C. Rodriguez; that during the month of February, 1939, the defendant Mary Picnot applied for letters of administration upon the estate of Maria Chavez de Rodriguez, and was, on March 7th, 1939, appointed such administratrix by the County Court of Bexar County, Texas, in Cause No. 27,489 on the docket of that court, and is now the duly qualified and acting administratrix of said Estate."

Plaintiffs, among other things, prayed for judgment against the estate of Maria Chavez de Rodriguez.

The case was submitted to the jury upon three special issues, all relating to the sanity or insanity of Maria Chavez de Rodriguez at the time she executed the note and deed of trust sued upon herein, and also at the time of the execution of other notes merged into the one in suit.

The jury answered that Maria Chavez de Rodriguez was not of unsound mind at the time she executed these instruments. In keeping with this verdict judgment was rendered in the sum of $36,847.19, together with interest from April 24, 1939, at 9½ per cent per annum until paid, against John C. Rodriguez and Mary Matthews Picnot (formerly Mary Matthews), the latter individually and as administratrix of the estate of Maria Chavez de Rodriguez, deceased, and a foreclosure of the deed of trust lien on the hereinbefore described real estate as against all the defendants, including all the heirs of Maria Chavez de Rodriguez, deceased.

From this judgment Mary Matthews Picnot, individually and as administratrix of the estate of Maria Chavez de Rodriguez, deceased, and John C. Rodriguez have prosecuted this appeal.

Appellants contend that there should have been no money judgment against the estate of Maria Chavez de Rodriguez, deceased, because such a claim was barred by the statute of limitation. Appellees do not challenge this contention. It is apparent that while this suit was first instituted against Maria Chavez de Rodriguez in 1931, when she died in 1935, her estate was not made a party to the suit, but, on the contrary, the estate was dismissed from the suit by the fourth amended original petition. An attempt was made in 1939 to bring the estate back into the suit and to secure a money judgment against it by the allegations of the sixth amended original petition. By this time the claim was more than eight years past due and barred by the statute of limitation. Art. 5527, R.C.S. 1925.

Appellants further contend that there should have been no money judgment against John C. Rodriguez and Mary Matthews Picnot, because they were only endorsers or guarantors of the note in suit and had been released by the holder of the note agreeing to accept payment of the note in installments in a different amount than that provided for in the note, without the knowledge or consent of the guarantors. This contention likewise is not challenged by appellees and is sustained by us.

Appellant Mary Matthews Picnot, as administratrix of the estate of Maria Chavez de Rodriguez, deceased, next complains because the depositions of a number of witnesses taken at a time when the

estate was not a party to the suit were admitted in evidence. The record shows that these depositions were admitted in evidence against the other defendants, but not against the estate. The trial court instructed the jury not to consider the depositions as evidence against the estate of Maria Chavez de Rodriguez, deceased. This was the proper procedure. Flores v. Hovel, Tex.Civ.App., 125 S.W. 606; St. Louis, A. & T. Ry. Co. v. Harris, 73 Tex. 375, 11 S. W. 405; Owens v Owens' Estate, 84 Miss. 673, 37 So. 149; Meeks v. Clear Jack Mining Co., 141 Mo.App. 648, 124 S.W. 1084.

The judgment, insofar as it permits a recovery of a money judgment against Mary Matthews Picnot, individually and as administratrix of the estate of Maria Chavez de Rodriguez, deceased, and John C. Rodriguez, will be reformed and such recovery eliminated therefrom, and as thus reformed the judgment will be affirmed. The costs of this appeal will be taxed against appellees.