**W. T. GRANT COMPANY, Appellant,**

v.

**WILSON INDUSTRIES, INC., Appellee.**

No. 7295.

Court of Civil Appeals of Texas.

Texarkana.

May 9, 1961.

Rehearing Denied June 6, 1961.

Smith & Smith, Tyler, for appellant.

Fulton & McClain, Gilmer, W. C. Hancock, Pittsburg, for appellee.

DAVIS, Justice.

Plaintiff-appellee, Wilson Industries, Inc., sued appellant-defendant, W. T. Grant Company, a foreign corporation, alleging that appellee sold to the appellant several thousand rose bushes in the year 1959. Appellee further alleged that the appellant paid a portion of the purchase price, and failed and refused to pay the balance due in the sum of $8,381.96. The appellant answered by a general denial.

Appellant based its defense on the theory that it bought the rose bushes from Russell Wilson Nurseries, not from Wilson Industries, Inc. It did not file a verified denial that the appellee did not have the legal capacity to sue, or that it was not a corporation. Rule 93, Vernon's Ann.Texas Rules of Civil Procedure. It did not even plead payment of any part of the roses, as required by Rule 94, and Rule 95, V.A. T.R.C.P. The fact that the appellee was a corporation was actually proved in the trial of the case, and it was further proved that Mr. Wilson was acting as an agent for the corporation in the sale of the rose bushes. The jury found that Wilson Industries, Inc., had sold the rose bushes involved in this suit to W. T. Grant Company. Judgment was entered for the ap-

pellee, and the appellant has perfected its appeal and brings forward seventeen points of error.

In its points of error, appellant contends the trial court erred in the submission of the issues to the jury, that the trial court erred in not granting a motion for instructed verdict, and to the admission of certain oral testimony; the trial court erred in submitting issue No. 1 on the ground that there was no evidence in the record to authorize the submission of such issue, and that the submission of such issue was contrary to the greater weight and overwhelming preponderance of the evidence. By its point 17 it complains of the action of the trial court in entering judgment for $8,781.96. A remittitur of $400 has been filed by the appellee. There is sufficient evidence to support a judgment of $8,381.96.

The appellee answers the points by three counterpoints. It contends parol evidence was admissible to show that Wilson Industries, Inc., was the real party at interest, that Russell Wilson entered into contract for the sale of the rose bushes as the agent of such corporation, proof that the contract for the sale of the rose bushes was made by officers and agents of the appellee supports the contract that was made by appellee, and the evidence reflecting that appellant bought the rose bushes from the appellee, the jury so finding, and the evidence being conclusive as to the balance due, the judgment rendered was the only judgment the trial court could have legally entered.

■ Russell Wilson was the President and General Manager of Wilson Industries, Inc. Appellee entered into an oral contract by telephone with appellant through its agents for the sale of rose bushes. A corporation can act only through its officers or agents, and ordinarily is to be regarded as a separate entity, distinct from the members who compose it, with attributes, rights and liabilities of their own and not dependent upon or similar to the rights of their stockholders. And their acts, through their officers or agents, are the acts of the corporate entity; not the act of the stockholders individually. Wells v. Hickett, Tex. Civ.App., 288 S.W.2d 257, w. r., n. r. e.

■ The oral contracts were confirmed by letters and orders. Appellant takes the position that all of the orders were based upon written contracts. The letters nor the orders were negotiable instruments. There was no evidence that any agreement to sell the roses was to be reduced to writing. The parol evidence, and letters and the orders, were admissible to prove the contract. Taylor Milling Co. v. American Bag Co., Tex.Civ.App., 230 S.W. 782, n. w. h.; Joseph Zukin of California v. Price et al., Tex.Civ.App., 236 S.W.2d 500; Moore v. B. & M. Chevrolet Co., Tex.Civ.App., 72 S.W.2d 945, n. w. h.; McCormick & Ray 2 Tex.Law of Evidence, 480 Sec. 1622.

In the trial of the case, appellant admitted that if the appellee could prove the amount of the debt they would be liable for it, and they were not in position to contest the amount. It also admitted that if Wilson Industries, Inc., was entitled to bring the suit and could prove the amount of their debt they were liable for it and were not in a position to contest the amount of it. The jury found that the appellee had sold the rose bushes to the appellant, and the evidence is sufficient to support the finding. An error was made in entering the judgment in the sum of $400. The remittitur by appellee is correct, and the judgment of the trial court will be reformed and as reformed will be affirmed.

The appellant's points are overruled and the judgment of the trial court is reformed and affirmed.