**WESTERN STEEL COMPANY and Gulf Concrete Company, Appellants,**

v.

**E. W. HAYEK et al., Appellees.**

No. 531.

Court of Civil Appeals of Texas, Corpus Christi.

March 31, 1970.

Sorrell, Anderson, Sorrell & Atwill, Wm. R. Anderson, Jr., Head & Kendrick, Michael Kendrick, Jr., Corpus Christi, for appellants.

Bloch & Walton, Milton W. Walton, Corpus Christi, for appellees.

## OPINION

SHARPE, Justice.

This appeal is from an order of the district court of Nueces County, Texas, sustaining the pleas of privilege filed by the defendants E. W. Hayek, Charles R. McEntire, Paul L. Blair; H. D. Armstrong, Homer S. Armstrong and Edward Armstrong, individually and d/b/a H. D. Armstrong and Sons, and Homer S. Armstrong, individually and d/b/a ARMCO Homes, appellees here, to be sued in San Patricio County, Texas. The only other defendant was Glenn McEntire. All defendants were residents of San Patricio County, Texas. Findings of fact and conclusions of law were not requested or filed. Appellants Western Steel Company and Gulf Concrete Company, both corporations, seek to sustain venue in Nueces County under subdivisions 5 and 29a, Art. 1995, Vernon's Ann.Civ.St. Gulf additionally relies upon subdivision 4 of that statute.

This suit was brought by Western Steel Company, a corporation, one of the appellants here, against Glenn McEntire and the above-named appellees to recover $10,813.94 for steel sold to Glenn McEntire on an open account for use in constructing concrete foundations on various lots in San Patricio County which were owned by the other defendants, appellees here. Western also sought to foreclose Mechanic's and Materialmen's liens on the said properties owned by appellees.

Gulf Concrete Corporation, the other appellant, filed a petition in intervention seeking a recovery of $11,811.47 on an open account against Glenn McEntire for materials sold to him, consisting principally of concrete, plaster sand, regular cement and expansion joints. Gulf also sought to foreclose Mechanic's and Materialmen's liens on the various properties owned by appellees in San Patricio County. Gulf also filed a pleading designated "Intervenor's First Supplemental Petition and Cross Action complaining of Western Steel Company as cross-defendant." Thereafter, Gulf additionally filed a pleading designated "Intervenor's Second Supplemental Petition" which complained of all the original defendants and Western Steel Company as cross-defendant.

■ Appellants have not asserted any points of error questioning the legal or factual sufficiency of the evidence to support the implied findings of fact in support of the judgment sustaining appellees' pleas of privilege. Therefore, any arguments of appellants concerning the material facts must necessarily be based on the premise

that they are conclusively established in appellants' favor. In the absence of findings of fact and conclusions of law, this court is bound to affirm the judgment on any theory authorized by law finding support in the evidence. Drexler v. Architectural & Commercial Sales, 375 S.W.2d 550, (Tex.Civ.App., Corpus Christi, 1964, n. w. h.).

In order for appellants to sustain venue in Nueces County against appellees under subdivisions 5 and 29a it was essential for them to plead and prove that the suit against Glenn McEntire came within subdivision 5 of Art. 1995, and that appellees were necessary parties to the suit within the meaning of subdivision 29a of that statute. The case of each appellant fails under subdivision 5 because there is an implied finding of fact that Glenn McEntire did not agree in writing to pay Western or Gulf in Nueces County, Texas for the materials they furnished to him and the evidence is legally and factually sufficient to support that finding. In any event a contrary finding in favor of appellants was not conclusively established by the evidence. In this situation subdivision 29a is not reached. However, even if we assume that venue of the suit could be maintained by appellants in Nueces County as against Glenn McEntire under subdivision 5 of Art. 1995, V.A.C.S., it is apparent here that appellees were not necessary parties to that suit. Under subdivision 29a of that statute the applicable rule is that a party is necessary if "complete relief to which the plaintiff is entitled as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties." Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 (1944); Dina Pak Corporation v. May Aluminum, Inc., 417 S.W.2d 419, 424 (Tex.Civ.App., Corpus Christi, 1967, n. w. h.).

The only relief sought by appellants against Glenn McEntire was a money judgment. Western has heretofore obtained an interlocutory judgment by default for the amount of its claim against Glenn McEntire. Glenn McEntire testified that he owed the money to Western and Gulf and did not employ an attorney or file an answer contesting the case asserted against him by either of them. There is no reason shown by the record which would prevent final judgment being rendered in favor of each appellant against Glenn McEntire in the Nueces County suit. McEntire did not own any of the properties involved, all of which were situated in San Patricio County, and there was no question of liens or foreclosure as to him. There was no privity between appellants and the owners (appellees). The complete relief to which appellants are entitled as against Glenn McEntire can be obtained in the Nueces County suit without the joinder of appellees. Their case therefore fails as to venue under subdivision 29a, Art. 1995, V.A.C.S. The cases relied on by appellants to sustain venue in Nueces County under subdivisions 5 and 29a of the venue statute are all distinguishable.

We next consider the contention of Gulf Concrete Company that it carried its burden to maintain venue in Nueces County against appellees under subdivision 4, Art. 1995, V.A.C.S., which provides in part "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." Under that provision Gulf was required to (1) plead and prove that one of the defendants is a resident of the county of suit; (2) plead and prove (by a preponderance of the evidence) a cause of action against the resident defendant; and (3) allege a joint cause of action against the resident and nonresident defendants or a cause of action against the resident defendant so intimately connected with his cause of action against the nonresident defendants as that they are properly joinable under the rule intended to avoid a multiplicity of suits, proof of which is supplied by the allegations of his petition. Stockyards Nat. Bank

v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936).

In view of some of the contentions made by Gulf, appellees correctly point out that subdivision 29a, V.A.C.S., which involves necessary parties, does not operate in connection with subdivision 4, a resident defendant section which involves proper parties. Reynolds v. Groce-Wearden Co., 250 S.W.2d 749 (Tex.Civ.App., San Antonio, 1952, writ refused). The purpose and intent of subdivision 29a is to provide that in a case where a defendant is sued outside the county of his residence and venue as to him is fixed by some subdivision of the statute other than subdivision 4, any other nonresident necessary party can be brought into the suit. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347 (1933); 59 Tex.Jur.2d, Venue, Sec. 105, p. 518. Under subdivision 4, as hereinabove stated, in order to maintain venue over a nonresident defendant there must be as to the resident defendant a bona fide cause of action. Henderson Grain Co. v. Russ, supra; Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747 (1923).

In this case Gulf's theory under subdivision 4 is that it had a cause of action against Western, a resident of (or domiciled in) Nueces County, Texas, which was so related to Gulf's causes of action against appellees and Glenn McEntire that the same should be tried together in order to avoid a multiplicity of suits. Gulf's allegations against Western were in substance that it sought a judicial determination that Gulf's liens were prior and superior to those of Western, or alternatively that they were of equal dignity. Gulf's theory here is that it and Western are entitled to share in funds retained or required to be retained by appellees under Art. 5469, V.A.C.S., if both parties properly perfected their liens; but if Gulf's liens are the only properly perfected liens it is not required to share ratably with Western, and vice versa.

It is apparent that the basic cause of action asserted by Gulf is to collect the total amount of its claim for money from Glenn McEntire (who created the debts) and as against appellees to enforce collection of its claim by way of foreclosure on their properties to the extent that they did not retain amounts required under Art. 5469. Gulf does not allege any transaction between it and Western, nor does it claim that Western owes Gulf anything. Both appellants separately sold and furnished materials to McEntire for use on the properties owned by appellees. We have concluded that Gulf failed to allege and prove a bona fide cause of action against Western within the meaning of subdivision 4, Art. 1995, V.A.C.S. Gulf's asserted claim against Western (concerning liens and the relative rights of Gulf and Western to share in the funds retained or which should have been retained under Art. 5469, V.A.C.S.) is purely secondary to the cause of action asserted against appellees. The cause of action asserted by each appellant against the appellees (owners) is created by the statutes, particularly Art. 5469, V.A.C.S. and relates only to funds retained or which should have been retained by appellees under that statute. The last sentence of Art. 5469 reads as follows:

"* * * If the owner, his agent, trustee, or receiver refuses or fails to comply with the provisions of this Article, then all claimants complying with the provisions of this Act shall share ratably among themselves, with preference to artisans and mechanics as above specified, liens at least to the extent of the aforesaid fund of ten per cent (10%) which should have been retained, as against the house, building, structure, fixture, or improvement and all of its properties, and on the lot or lots of land necessarily connected therewith, to secure payment of such liens. As amended Acts 1961, 57th Leg., p. 863, ch. 382, § 9."

Under the statute, materialmen (such as Western and Gulf) who have not been fully paid by the person contracting with them (such as Glenn McEntire) can enforce collection of the amount which should have

been retained by the owners (such as appellee here) by foreclosure against the properties involved as an independent cause of action. Art. 5469 is designed to protect the classes of persons mentioned therein (artisans and mechanics first, and other claimants furnishing material, etc., next) in payment of their claims by creating a lien for enforcement of collection as against the properties of the owners to the extent of the amount they should have retained.

Gulf's cause of action against appellees involves a number of issues among which are (1) the amount owed by Glenn McEntire for material furnished as to each separate property, (2) and the amount which was retained or should have been retained by the owners of each property. Such amounts would necessarily have to be first determined as a pre-requisite to the establishment and enforcement of liens securing their payment. The same statements are applicable to the claim of Western against appellees. It thus appears that Gulf's claim against Western involves the trial of issues which are not reached until there is a trial of the main and real cause of action against appellees.

It is apparent here that appellants are aligned on one side of the case and appellees on the other. The rule applicable to this situation is stated in 59 Tex.Jur.2d, Venue, Sec. 98, page 502, as follows:

"A real defendant, and one against whom the plaintiff has a cause of action, is contemplated by the statute in authorizing a suit in the county of the residence of one of the defendants. It is the actual position of the parties that determines their status; and artificial designation of a party plaintiff as a party defendant gives no right to fix the venue in the county of his residence as against defendants residing in another county. * * *"

In Noble v. Texacon Industries, Inc., 367 S.W.2d 872, (Tex.Civ.App., San Antonio, 1963, n. w. h.), the Court held in part as follows:

"It will be borne in mind that this is a venue case. All the parties to this suit are domiciled in Harris County except Electrical Company. Brushing away matters of form and looking only to the substance of things, this suit is really one by Texacon and Electrical Company against Noble and Todes to recover the $10,000.00 placed in escrow by them. Venue in Bexar County must rest alone upon the fact that Electrical Company is domiciled in Bexar County. The evidence shows that there is no controversy between Texacon and Electrical Company. They have entered into a written agreement that whatever is recovered from Noble and Todes will be divided equally between them. Texacon and Electrical Company are in truth and in fact co-plaintiffs against the defendants Noble and Todes. Texacon is aligned with Electrical Company in a common fight to recover what they can from Noble and Todes. Under the provisions of our venue statute, Art. 1995, Vernon's Ann.Civ.Stats., Noble and Todes have a right to have this suit tried in Harris County. The mere fact that the suit is styled an 'Interpleader' should not be sufficient to deprive them of their very valuable right given them by the venue statute, to be sued in the county of their residence".

In Glens Falls Indemnity Co. v. Sterling, 213 S.W.2d 858 (Tex.Civ.App., Dallas, 1948, mand. overr.), a suit involving a surety of a subcontractor, indemnitors, general contractor and owners, the court held in part as follows:

"It is clear from the pleading of plaintiff (and from the cross action of Southwest 'D.C.' System as well) that the single issue of controlling importance herein is one between plaintiff and Harris County defendants, and that the interests of plaintiff and Dallas County defendants are mutual. Obviously this is

true because all Dallas parties (subcontractor, its surety and indemnitors) are liable if there be a default on part of subcontractor in performance of the Houston job, and none are liable if the fault is with the Harris County defendants. Our courts have uniformly held in analogous cases that parties who are actually plaintiffs in fact cannot be made defendants to an action for the event purpose of fixing venue. 'In authorizing a suit in the county of the residence of one of the defendants, the statute "contemplates a real defendant, and one against whom the plaintiff has a cause of action." It is the actual position of the parties that determines their status; an artificial designation of a party plaintiff as a party defendant gives no right to fix the venue in the county of his residence as against defendants residing in another county. Nor is a person who has refused to join as a party plaintiff a "defendant" in the sense in which that term is used in the venue statutes.' 43 Tex.Jur., sec. 35, p. 751. Nor can the subcontractor take advantage of plaintiff's action, so improperly laid, as a means of obtaining venue in Dallas County for its damage suit against appellees."

In the instant case, aside from their cause of action against Glenn McEntire for a money judgment, appellants' primary and real cause of action is against appellees on the basis of Art. 5469, V.A.C.S. When the true alignment of the parties is considered there is no basis for sustaining venue in Nueces County as against appellees under subdivision 4, Art. 1995, V.A.C.S. There is nothing in the present record to show that whatever liens Gulf and Western may have against appellees' properties are anything other than of equal dignity. On the present record there are implied findings of fact essential to a holding that the liens of Gulf and Western are of equal dignity, and, therefore, there is no bona fide cause of action by Gulf against Western as to such subject.

We conclude that Gulf failed to prove a bona fide cause of action against Western and even if it did, such cause of action was not joint with that against appellees or so intimately connected therewith as to authorize joinder or to avoid a multiplicity of suits. Gulf's contentions as to subdivision 4 are overruled.

The points asserted by appellants Western and Gulf are overruled. The judgment of the trial court is affirmed.

NYE, Justice (concurring).

I concur in the result.