**HELDT BROS. TRUCKS, Appellant,**

v.

**Bennie SILVA, Appellee.**

No. 579.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 18, 1971.

Lloyd, Lloyd, Ellzey & Lloyd, E. G. Lloyd, Jr., Alice, for appellant.

Stone, Luther & Dyer, Curtis B. Dyer, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is a venue suit and involves an appeal by Heldt Bros. Trucks, a partnership, and the individual members of the firm, from an order of the trial court overruling their plea of privilege to be sued in Jim Wells County, Texas.

The plaintiff, Bennie Silva, appellee herein, a resident of Nueces County, Texas, instituted suit in Nueces County, Texas against B. R. Scogin, d/b/a Jennings Chevrolet Company, a resident of Nueces County, Texas, by the filing of his original petition on January 2, 1968. He sued for damages for loss of cottonseed and damages to his truck and trailer alleged to have been sustained on or about November 6, 1967, when the defendant endeavored to remove plaintiff's truck and trailer from the borrow ditch along a portion of U.S. Highway No. 77, at a point about 7 miles south of Sarita, in Kenedy County, Texas, where the truck had bogged down.

Plaintiff filed his first amended original petition on January 21, 1969 whereby he complained of the original defendant and also named Heldt Brothers Trucks, a corporation, having its main office in Alice, Texas, as a party defendant, the effect of which was to allege joint and several liability against both defendants. On June 19, 1969, Heldt Bros. Trucks, a partnership, and Roland Heldt and the other partners in the firm of Heldt Bros. Trucks, appellants herein, made an appearance by the filing of their plea of privilege, duly verified, seeking removal of the suit as to the partnership and its partners to Jim Wells County, Texas, the county of the residence of said parties. They also filed their original answer on June 19, 1969, subject, however, to and without waiving, their plea of privilege theretofore filed.

Appellants assert (as Paragraph I of their pleading designated as their Plea of Privilege) in part that "they do not know of any corporation by the name of Heldt Brothers Trucks and defendants further represent that there is in fact no corporation by the name of Heldt Brothers Trucks". On June 24, 1969, Silva filed his controverting affidavit wherein he stated: "De-

fendant Heldt Bros. (Brothers) Trucks is also properly before this Court"; a copy of his first amended original petition was attached thereto and the statement "and the allegations contained therein are true and correct" appears in the controverting affidavit.

On April 22, 1970, Silva filed his second amended original petition where he again alleged that Heldt Brothers Trucks is a corporation. He filed a trial amendment to his controverting affidavit on May 8, 1970, asserting venue under Sections 4, 9a and 29a of Article 1995, Vernon's Ann. Tex.Civ.St. He attached a copy of his second amended original petition to the trial amendment to his controverting affidavit. In the trial amendment he avers that the allegations contained in the attached pleading "are true and correct". Paragraph III of the trial amendment reads, in part, as follows: "The allegations contained in Plaintiff's Second Amended Original Petition allege a cause of action against two Defendants, Heldt Bros. (Brothers) Trucks and B. R. Scogins. * * *" This was the status of the pleadings in the trial court.

◼ Since the adoption of Rule 86, Texas Rules of Civil Procedure, any of the matters required to be denied under oath by Rule 93, T.R.C.P., and which are not so denied, are now taken as admitted upon the hearing of the plea of privilege. North Texas Tank Company v. Pittman, 290 S.W. 2d 724, 729 (Tex.Civ.App., Texarkana, 1956, n. w. h.). Conversely, if in a plea of privilege any of the matters required to be denied under oath by the Rule are so denied in the plea of privilege, then it becomes necessary for the plaintiff, who is resisting the plea of privilege, to offer proof of such matters. In this case, appellants, in their plea of privilege, denied under oath that Heldt Brothers Trucks, alleged in appellee's pleadings to be a corporation, was incorporated as alleged; appellants, therefore, complied with Rule 93 (g), T.R.C.P. and appellee was therefore required to prove that Heldt Brothers

Trucks was a corporation. Appellee failed to do this and now concedes that he could not and cannot make such proof.

The plea of privilege was overruled by the trial court by order signed and entered on June 25, 1970. The order specifically states that venue in Nueces County, Texas is sustained under the provisions of Subdivisions 4 and 29a of the statute and eliminates 9a as a basis for maintaining venue in Nueces County, Texas in that Subdivision 9a of the statute was not urged by the plaintiff. Appellants have duly and timely perfected an appeal to this Court from the order overruling their plea of privilege.

At the hearing on the plea of privilege, it was stipulated that Scogin resided in Nueces County, Texas, at the time suit was filed. Neither Silva nor Scogin testified at the hearing, and the only evidence offered by the appellee Silva was portions of his own deposition and that of Milton Kruckemeyer. Both depositions were taken on April 30, 1969 with Silva, Kruckemeyer, and the respective attorneys for Silva and Scogin present. Neither Heldt Brothers Trucks, a corporation, Heldt Bros. Trucks, a partnership, nor any of the individuals composing the partnership were present. At the time of the taking of the depositions, Heldt Brothers Trucks, a corporation, had been made a party defendant to the suit. It was never served with citation and has never made any appearance in the suit. The record shows, and Silva concedes, that the depositions were taken at a time when neither Heldt Bros. Trucks, a partnership, nor any of the partners of the firm were parties to the suit, had any notice of the taking of the same, or participated therein.

In order to support the trial court's ruling, Silva relies on that portion of Subdivision 4, Article 1995, V.A.T.S., providing "Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *" Appellants, in their Second and Third Points of Error, complain that Silva

did not plead and prove the necessary facts to sustain venue in Nueces County, Texas.

■ Under Subdivision 4, Article 1995, V.A.T.S., where there are resident and non-resident defendants, it has long been the rule that in order to maintain venue in the county of the resident defendant, the plaintiff is required to (1) plead and prove that one of the defendants is a resident of the county of suit; (2) plead and prove a cause of action against the resident defendant; and (3) allege a joint cause of action against the resident and non-resident defendant or a cause of action against the resident defendant so intimately connected with his cause of action against the non-resident defendant as that they are properly joinable under the rule intended to avoid a multiplicity of suits, proof of which is supplied by the allegations of his petition. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936); Western Steel Company v. Hayek, 452 S.W.2d 732, 734 (Tex.Civ.App., Corpus Christi, 1970, n. w. h.); Pittsburgh Plate Glass Company v. Bragg, 383 S.W.2d 623 (Tex.Civ.App., Dallas, 1964, wr. dism'd.). It is not questioned but that Silva alleged a cause of action against Scogin, the resident defendant, and the deposition testimony, if admissable (which we hold was not), would have proved a cause of action against him. It was then, under this particular subdivision, necessary to allege a joint cause of action against the non-resident defendant pleading their privilege (in this case, Heldt Bros. Trucks, the partnership) or a cause of action so intimately connected with the cause of action alleged and proved against the resident defendant that they may be joined to avoid a multiplicity of suits. Harry Newton, Inc. v. H. Richards Oil Company, 385 S.W.2d 893, 898 (Tex.Civ.App., Austin, 1965, n. w. h.).

■ To defeat the plea of privilege, it was incumbent on Silva not only to plead and prove a cause of action against the resident defendant, but to *allege* a cause of action against the non-resident defendant.

This he did not do. Silva has alleged a joint cause of action against the resident defendant and against Heldt Brothers Trucks, a corporation, a non-resident defendant. The corporate non-resident defendant is not a party to this appeal. Silva did not, in any of his pleadings, allege a cause of action against Heldt Bros. Trucks, the partnership, or against any of the partners in the firm, the parties who are asserting the plea of privilege. Under statutory provision, a corporation is a person. Article 23, Sec. 2, V.A.T.S. And, a corporation is a separate entity distinct from members who compose it and acts only through its officers or agents. W. T. Grant Company v. Wilson Industries, Inc., 346 S.W.2d 629 (Tex.Civ.App., Texarkana, 1961, wr. ref. n. r. e.). More particularly, a corporation is distinguishable from a mere aggregation of individuals associated for a common cause. Thompson v. Schmitt, 115 Tex. 53, 274 S.W. 554 (1925).

Silva, by supplemental brief, earnestly contends that Heldt Bros. Trucks, the partnership, is the true party in interest, who appeared, filed a plea of privilege and answered generally. He further asserts that the suing of Heldt Brothers Trucks, a corporation, amounted to no more than a misnomer and that no one was misled. He also postulates that "there was no doubt about the party intended to be sued." Irrespective of the reasons assigned, we are of opinion that such contentions have no legal significance in the instant case. There is no misnomer present and the authorities cited by Silva in his supplemental brief are distinguishable from this case. The question is not who Silva intended to sue, but who did he sue? The record shows that he alleged a joint cause of action against Scogin and a corporation by the name of Heldt Brothers Trucks; the record further shows that the plea of privilege was filed and prosecuted by Heldt Bros. Trucks, a partnership. The two entities are entirely different and by failing to allege a cause of action against Heldt Bros. Trucks, a partnership, in his plead-

ings, Silva has not complied with the provisions of Subdivision 4, Article 1995, V.A.T.S. Appellants' Second and Third Points of Error are sustained.

■ Appellants, in their Fifth Point of Error, complain that the trial court erred in sustaining venue under Subdivision 29a, Article 1995, V.A.T.S. We agree. This subdivision of the statute, which involves necessary parties, does not operate in connection with Subdivision 4, a resident defendant section which involves proper parties. Reynolds v. Groce-Wearden Co., 250 S.W.2d 749 (Tex.Civ.App., San Antonio, 1952, wr. ref.); Western Steel Company v. Hayek, supra. In this appeal, Heldt Bros. Trucks, a partnership, was not a necessary party to the suit against Scogin, within the meaning of Subdivision 29a of the statute. Appellants' Fifth Point of Error is sustained.

■ On appeal from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of the judgment of the trial court. James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959); H. E. Butt Grocery Company v. Keeble, 444 S.W.2d 358 (Tex.Civ.App., Corpus Christi, 1969, n. w. h.). If there exists evidence of sufficient probative force to support the judgment, it should not be disturbed on appeal.

■ There are certain established rules by which this Court is bound in considering a venue case. Venue must be established by affirmative evidence and not by implication. Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950); Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948). A person's right to be sued in the county of his residence is a valuable right and should never be denied except upon clear and convincing proof that the alleged cause of action comes within an exception to Article 1995, V.A.T.S. City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466 (1943); National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021 (1943); Neuhaus v. Daniels, 430 S.W.2d 906 (Tex.Civ.App., Amarillo, 1968, wr. dism'd.). A person who has been sued, has the right to defend such suit in the county of his residence, except under well defined exceptions. An equal doubt between the exception and the general rule is to be resolved in favor of the rule. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939); Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969 (1951); Permian Basin Life Insurance Company v. Stuart, 357 S.W.2d 615 (Tex.Civ.App., Houston 1st, 1962, wr. dism'd.). The plaintiff has the burden to allege and prove the facts he relies upon to bring his case within an exception to the general rule. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69 (1945).

■ Appellants, in their First Point of Error, contend that the trial court erred in overruling their plea of privilege because the only evidence introduced by Silva, appellee, was the deposition testimony of himself and of Kruckemeyer, admittedly taken prior to the time that appellants were parties to the suit, without notice to them and without opportunity to cross examine either of the witnesses. Silva argues that the deposition testimony of both witnesses was admissible for venue purposes "strictly and totalling for the purpose of establishing a prima facie cause of action" against Scogin, the resident defendant. Appellants timely objected to the introduction of any part of the depositions into evidence. The trial court overruled appellants' objections to such deposition testimony and admitted the offered portions of both depositions into evidence. By their Fourth Point of Error, appellants assert that if the deposition testimony is excluded, then there is no evidence before the trial court on the question of venue.

The depositions were not on file when appellants made their appearance in the

suit and there is nothing in the record that indicates that appellants knew about them until May 7, 1970, when they were filed in the trial court; therefore, appellants cannot be charged with notice of the outstanding depositions at the time of making their appearance in the case.

As a general rule, either under the application of general principles, statutory provisions, or rules of court, depositions are inadmissible in evidence against one not a party to the suit at the time the deposition was taken. A frequent rationale for this rule is based on the supposition that the adverse party should be afforded an opportunity to cross-examine the witness. A concise statement of the general rule is found in 20 Tex.Jur.2d, Depositions, § 72, p. 27, reading as follows:

"A deposition cannot be used against one who was not a party to the suit at the time the deposition was taken, and who did not, therefore, have an opportunity to cross-examine the witness. * * *"

There is no privity between appellants and the appellee, Silva, and no privity between appellants and the corporate defendant, Heldt Brothers Trucks, and to admit such deposition testimony into evidence would, under the circumstances, be highly prejudicial to appellants. We follow the reasoning of the court in Dalsheimer v. Morris, 8 Tex.Civ.App. 268, 28 S.W. 240 (1894) where suit was brought on a promissory note and the court held that a deposition could not be used as evidence against those who were not parties to the suit when it was taken and who therefore had no notice or opportunity to cross-examine the witness. Relying upon the principle enunciated in Dalsheimer v. Morris, supra, the Texarkana Court in St. Louis S. W. Ry. Co. of Texas v. Woldert Grocery Co., 144 S.W. 1194 (Tex.Civ.App., Texarkana, 1912) held that the trial court did not commit re-

versible error in refusing to allow the deposition testimony of plaintiff's witnesses to be used as evidence against the defendant, in an action in damages against a carrier for injury to a carload of produce, on the ground that the defendant was not a party to the suit at the time the deposition was taken, and never had an opportunity to cross-examine the witness. See also Gilbough v. Stahl Building Co., 16 Tex.Civ.App. 448, 41 S.W. 535 (Galveston, 1897, n. w. h.); Rodriguez v. Shacklett, 144 S.W.2d 296 (Tex.Civ.App., San Antonio, 1940, n. w. h.); 4 A.L.R.3d 1075.

The right to cross-examination of witnesses by a party in a lawsuit is a valuable and substantial right, and it cannot be denied in the instant case but that the circumstances have, in effect, denied that right to appellants in respect to a material matter that has vitally affected them. They, through no fault of their own, have not been accorded an opportunity to exercise such right, in accordance with the rules governing cross-examination generally. To us, it is unthinkable that a person may be bound in a venue case by a deposition when the deposition was taken before he was made a party to the action, served with process or had entered an appearance. Such a patent irregularity is not cured by the subsequent voluntary appearance in the action by the complaining party. In this case, the voluntary appearance of appellants on June 19, 1969, by the filing of their plea of privilege, did not make the depositions taken on April 30, 1969, under the circumstances noted, admissible against them. By admitting these depositions into evidence, upon which the trial court based his decision, the right of cross-examination was effectively denied these appellants upon crucial issues. Even if it be assumed that the deposition witnesses would testify on the stand exactly as they did in the depositions, appellants are still entitled to ascertain on cross-examination whether there are additional or explanatory facts,

and to test the knowledge and competence of the witnesses. They did not have such an opportunity in the case before us.

We agree that appellee had the right at the hearing on the plea of privilege to introduce evidence to prove a cause of action against the resident defendant, but the appellants also had the right to test, explain or rebut such evidence and when no live witnesses were presented by appellee and the only evidence before the court was in deposition form, the only way that appellants could have availed themselves of that right would have been by cross-examination of the witnesses at the time the depositions were taken. Irrespective of the reason urged by appellee justifying the admission of such deposition testimony into evidence, the functioning effect was to place in evidence the only facts that justified the holding of venue in Nueces County, Texas. Appellants were vitally affected thereby. In this case, the introduction into evidence of such deposition testimony, in satisfying the proof required to be presented by appellee, does not dispense with a right so fundamental in our law as the right of cross-examination. Appellants' objections to such evidence should have been sustained. To hold otherwise would not be consistent with principles which inhere in due process of law. Therefore, because of the failure to afford appellants an opportunity to cross-examine Silva and Kruckemeyer, as noted, their depositions do not constitute legally admissible evidence or proof of any fact against appellants. Davis v. Coastal States Petrochemical Company, 405 S.W.2d 854 (Tex. Civ.App., Houston, 1966, n. w. h.). The fact that such evidence might be admissible against Scogin is of no consequence in this appeal.

It appears that the precise question of whether, in a venue case, a deposition can be used against a person who was not a party to the suit at the time the deposition was taken, has not been passed upon by the appellate courts of this State; at least, we have not found such a case and none has been cited in the briefs. We see no reason why the general rule, already noted, should not be applied in a venue case. The rules announced in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95 (Tex.Com. App., 1935) and in Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953) are controlling and should be followed. Both cases are authority for the rules that plaintiff, in a venue case, must "prove the facts in the usual way" and "the test on appeal from an order sustaining or overruling a plea of privilege is the same as in any other civil case". Therefore, applying these rules, we hold that the depositions of Silva and Kruckemeyer which were taken before appellants became parties to the suit, without notice to them, and who, therefore, had no opportunity to cross-examine the witnesses, are inadmissible at the hearing and trial on the plea of privilege asserted by appellants. The admission of such deposition testimony into evidence is reversible error, and without such evidence there is no evidence to sustain the judgment of the trial court. Appellants' First and Fourth Points of Error are sustained.

Silva also contends that appellants, by the filing of their plea of privilege and original answer, voluntarily submitted to the jurisdiction of the district court of Nueces County, Texas. He says in his brief that Heldt Bros., a partnership, is "irrevocably a party to this lawsuit as a matter of law for all purposes by reason of that voluntary submission to that Court's jurisdiction". We do not agree. He argues that appellants did not challenge the jurisdiction of the trial court in the manner prescribed by Rule 120a, T.R.C.P. In our opinion, Rule 120a, T.R.C.P., has no application to the instant case. Appellants have not made a special appearance as envisioned by the Rule nor have they challenged the jurisdiction of the district court of Nueces County, Texas, in the manner

prescribed by the Rule. There can be no question but that the trial court had jurisdiction, as distinguished from venue. The record unquestionably shows that appellants first made an appearance in this case by the filing of their plea of privilege; their original answer was made and filed subject to said plea and without waiving it. We agree that the filing of the plea of privilege by appellants constituted an appearance, but the filing thereof is not such an appearance as to amount to a waiver of their privilege to be sued in Jim Wells County, Texas, the county of their residence, though it is an appearance for the purpose of the trial of the plea. Under the facts and circumstances presented by the record, Ruby v. Martin, 44 S.W.2d 824 (Tex.Civ.App., San Antonio, 1931, wr. ref.) is squarely in point, where the Court held:

"When a party files a plea of privilege, he is deemed to have made his appearance in the case, and that shall be considered a full appearance for every purpose except as a waiver of the right to a change of venue. * * *"

We hold that Heldt Bros. Trucks, the partnership, and the individual members of that firm, appellants herein, by the filing of their plea of privilege prior to the filing of their original answer, submitted themselves to the jurisdiction of the district court of Nueces County, Texas, to determine their plea of privilege and if that plea should be overruled, to determine the case on the merits. McLemore v. Star Finance Company, 430 S.W.2d 913 (Tex.Civ.App., Dallas, 1968, n. w. h.).

The judgment of the trial court is reversed, and judgment is here rendered, tranferring this case insofar as the same affects Heldt Bros. Trucks, a partnership, and the individual partners composing said firm, to the district court of Jim Wells County, Texas.

Reversed and rendered.